■ In the Matter of SEAN I. R., Respondent, v JENNIFER J. B., Appellant. [674 NYS2d 241] —Order unanimously reversed on the law without costs, petition denied and matter remitted to Niagara County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in determining that respondent mother could retain custody of the parties' child, who was born out of wedlock, only if she maintains her residence in Niagara County and that petitioner father would be awarded custody if respondent relocates her residence to her family home in Wayne County.

The test in relocation cases is "whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child's best interests" (*Matter of Tropea v Tropea*, 87 NY2d 727, 741). In making that determination, a court must consider many factors, including the parties' reasons for seeking and opposing the move (*see, Matter of Tropea v Tropea, supra*, at 740-741).

Although generally the findings of a Trial Judge "must be accorded the greatest respect" (*Matter of Irene O.*, 38 NY2d 776, 777; *see, Eschbach v Eschbach*, 56 NY2d 167, 173), "[a]n appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody determination to stand where it lacks a sound and substantial basis in the record" (*Matter of Gloria S. v Richard B.*, 80 AD2d 72, 76). Here, the court's determination lacks such a basis in the record. The best interests of the child would be served by permitting respondent to retain custody upon her relocation to her family home in Wayne County while granting petitioner liberal visitation rights. Thus, we reverse the order, deny the petition and remit the matter to Niagara County Family Court to

fashion an appropriate order of visitation. (Appeal from Order of Niagara County Family Court, Noonan, J.—Custody.) Present—Pine, J. P., Lawton, Wisner, Callahan and Fallon, JJ.