■ In the Matter of MARCIA A. MILLER, Respondent, v RONALD E. MILLER, JR., Appellant. [731 NYS2d 401] —Rose, J. Appeal from an order of the Family Court of Columbia County (Leaman, J.), entered February 8, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of two of the parties' children.

The parties, who married in 1984, have three children born in 1986, 1988 and 1992. In the fall of 1998, respondent left the marital home and subsequently moved to Iowa while the children remained with petitioner in New York. In July 1999, the parties executed a separation agreement providing for joint custody of the children with respondent having physical custody of the oldest child and with petitioner continuing to have physical custody of the two younger children. In addition to summer and Christmas vacation visitation with respondent and reasonable telephone access between each party and the children, the agreement provided for visitation "as the parties may mutually agree." In November 1999, petitioner applied for sole custody of the three children and Family Court ultimately heard the petition only as it related to the two younger children. Respondent cross-petitioned for either sole custody of the younger children or joint legal custody with court prescribed visitation. At the close of the hearing and after an in camera interview with the children, Family Court granted sole legal and physical custody of the two younger children to petitioner while permitting respondent such reasonable visitation as was mutually agreeable to the parties. Respondent appeals.

Respondent contends that Family Court's custody award was against the weight of the evidence and that a specific visitation schedule should have been ordered due to the parties' acrimony. We disagree. "Since Family Court is in the best position to observe the witnesses' demeanor and assess credibility, deference is accorded its factual findings unless they lack a sound and substantial basis in the record" (*Matter of Machukas v Wagner*, 246 AD2d 840, 841, *lv denied* 91 NY2d 813 [citations omitted]). Further, "[a]n award of joint custody is only appropriate where the parties involved are relatively stable, amicable parents * * * capable of cooperating in making decisions on matters relating to the care and welfare of the children" (*Trolf v Trolf*, 126 AD2d 544, *lv dismissed* 69 NY2d 1038 [citations omitted]).

Here, although each party concedes the parental fitness of the other, "the record is replete with examples of the hostility and antagonism between them and * * * [t]hus, an award of joint custody is not appropriate" (*id.*, at 544). The evidence provides a sound and substantial basis for Family Court's finding that the best interests of the children would be served by granting sole custody to petitioner while maintaining flexible visitation with respondent. The two younger children have resided with petitioner since birth and she has been their primary caregiver. The parties' agreement provided that they should remain with petitioner when respondent left the State, and the award of sole custody to petitioner in an area where they have other relatives will promote stability in their lives and continued interaction with family members (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89, 94; *Matter of Clary v Bond*, 186 AD2d 869, 870). Also, despite the parties' acrimony, petitioner's demonstrated willingness to allow visitation between the children and respondent, though not reciprocated in the past, should permit continued contact with respondent. Accordingly, we find no error in Family Court's award of custody to petitioner and decline to alter the visitation terms to which the parties previously agreed.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.