■ In the Matter of EFREN U. RIVERA, Appellant, v ANNA TOMAINO, Formerly Known as ANNA RUFFINO-RIVERA, Respondent. (And Six Other Related Proceedings.) [848 NYS2d 437]—

Spain, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered July 25, 2006, which, among other things, partially dismissed petitioner's application, in seven proceedings pursuant to Family Ct Act article 6, to modify a prior order of visitation.

The parties are the parents of a daughter, born in 1997. In February 2004, Family Court granted custody of the child to respondent (hereinafter the mother) and, by order entered February 26, 2004, established a visitation schedule for petitioner (hereinafter the father). That order subsequently was modified upon the parties' stipulation in open court in 2004 and a revised visitation schedule for the father was put in place which calls for, in addition to holiday time, the child's visitation with the father every Friday from 3:00 P.M. to 7:00 P.M. and, on alternating weekends, Saturday from noon to 8:00 P.M. and Sunday from 1:30 P.M. to 7:30 P.M. Thereafter, in February 2006, the father commenced the instant proceedings seeking overnight visitation during his weekend visits with the child and two weeks during the summer. The mother countered with a petition seeking further restriction of the father's visitation. At the conclusion of the fact-finding hearing that followed, Family Court denied the mother's cross petition and granted the father additional visitation with the child during the summer, but denied his request for overnight visitation, concluding that such was not in the child's best interests at that point in time. This appeal by the father ensued.

In our view, Family Court's decision to continue to prohibit overnight visitation lacks a sound and substantial basis in the

record (*see Matter of Sean I.R. v Jennifer J.B.*, 251 AD2d 1034, 1034-1035 [1998]; *cf. Matter of Horike v Freedman*, 37 AD3d 978, 979 [2007]; *Matter of Bernard UU. v Kelly VV.*, 28 AD3d 880, 881-882 [2006]). Nothing in the record—including Family Court's in camera interview with the child—supports the mother's assertions that any behavior on the part of, or lifestyle and religious practices of, the father and his fiancée places the child in any danger, or that she is fearful or uncomfortable to such a degree that would justify the court's denial of overnight visitation. Indeed, a child's best interests will be optimally served by allowing the development of a healthy relationship with both parents (*see Weiss v Weiss*, 52 NY2d 170, 174-175 [1981]).

Here, the father has had regular unrestricted parenting time with the child except that alternate weekend visits have been broken up by the child returning to the mother's home at night. Rejecting the mother's petition which sought to further restrict the father's visitation, Family Court found, among other things, that the father has "a safe and appropriate home for overnight visitation," that the child's love for the father "is deep and abiding" and that the father's fiancée is "an intelligent, mature and responsible person." The court also designated the fiancée as a suitable person to pick up and drop off the child—who is now 10 years of age—in the father's absence. Specifically, nothing in the record establishes any unusual lifestyle or beliefs on the part of the father and his fiancée which would justify prohibiting overnight visitation; also, they readily agreed to refrain from exposing the child to any ceremony connected to their religious practices.

Providing the flexibility necessary to permit the child to attend church and other religious events with the mother, as well as protections against her exposure to any aspect of the lifestyle of the father and his fiancée which could confuse the child's faith formation, can be accomplished by an order for overnight visitation, which includes reasonable conditions set by Family Court. Accordingly, we remit the matter to Family Court for further updated fact-finding, if necessary, and the fashioning of an appropriate order providing for overnight visitation (*see Matter of Smith v Hoover*, 24 AD3d 1096, 1098 [2005]).

Peters, Lahtinen and Kane, JJ., concur; Crew III, J.P., not taking part. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as denied overnight visitation; matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.