■ In the Matter of TAMARA FF., Respondent, v JOHN FF., Appellant. (And Another Related Proceeding.) [903 NYS2d 827]—

Spain, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered August 11, 2009, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.

The parties are the parents of three children (born in 1995, 1996 and 1998) and, as of the commencement of these proceedings, had been married for over 14 years. In November 2008, petitioner (hereinafter the mother) filed a family offense petition against respondent (hereinafter the father) and commenced a proceeding seeking sole custody of the three children. Following a hearing, Family Court granted sole custody to the mother with one hour of supervised visitation each week to the father, dismissed her family offense petition and issued an order of protection against the father in favor of the mother and the children. The father now appeals, arguing that joint custody is appropriate and that the order of protection was unfounded.

Although "joint custody is an aspirational goal in every custody matter, such an award is inappropriate where the parties have demonstrated an inability to effectively communicate or cooperate to raise the children" (*Matter of Clupper v Clupper*, 56 AD3d 1064, 1065 [2008]). Here, after "[a]ccording the appropriate great deference to Family Court's factual determina-

tions and assessments of credibility, we agree that joint custody is not feasible" (*Matter of Melissa K. v Brian K.*, 72 AD3d 1129, 1131 [2010] [internal quotation marks and citations omitted]). The record supports Family Court's finding that the parties' ability to communicate and effectively make joint decisions had been seriously compromised by recent events. Specifically, in April 2008, the father's pistol permit was suspended after he got into a road rage altercation with another driver, an event that precipitated a series of problems culminating in these proceedings. The father was charged with criminal contempt in the second degree when he failed to turn over his weapons as a result of the suspension of his permit. In a letter written in September 2008, the father expressed outrage at the situation, claiming a violation of his constitutional rights and suggesting a conspiracy against him by Broome County officials. In October 2008, the day before his hearing on the criminal contempt charge, the father was arrested when he allegedly displayed suspicious behavior outside the courthouse. After the arrest, the police found, upon receiving permission from the mother to search their vehicle and home, a dagger in the vehicle and loaded, unlocked guns that the father had left in their home, as well as swords and nunchucks.

The mother's request for sole custody followed these events. She testified that she feared the father, noting additional incidents where he had exhibited "road rage" and one incident where he had kicked his son, leaving a mark. The mother also sought custody in response to the father's stated intention of moving the family out of state away from her extended family because he is frustrated with New York State's interference with his right to retain weapons. She explained that the father's lack of respect for legal authority frightened her in that she was afraid he would do something "stupid." In addition, the mother expressed her reluctance to standing up to the father because he "demeaned" her on a regular basis. In his testimony, the father admitted that he believed, as the male in the relationship, that when the parties disagreed he alone would make the final decision. Given these restrictions on the parties' ability to effectively communicate and the father's recent troubling behavior, we find that Family Court had a sound and substantial basis for declining to grant joint custody (*see Matter of Kowatch v Johnson*, 68 AD3d 1493, 1494 [2009], *lv denied* 14 NY3d 704 [2010]; *Matter of Cobane v Cobane*, 57 AD3d 1320, 1322 [2008], *lv denied* 12 NY3d 706 [2009]; *Matter of Eck v Eck*, 33 AD3d 1082, 1083-1084 [2006]).

Once it was determined that joint custody was not feasible,

Family Court considered the children's best interests and awarded custody to the mother, who has a steady job, a place to live and the support of her family. The father did not seek sole custody and, in any event, after considering the need for maintaining stability in the children's lives and assessing the home environments of both parents, we find that Family Court's determination is supported by the record (*see Matter of Holle v Holle*, 55 AD3d 991, 992 [2008]; *Matter of Miller v Miller*, 287 AD2d 814, 815 [2001], *lv denied* 97 NY2d 610 [2002]).

Turning to the issue of visitation, we agree with the father that the record does not support the severe restrictions placed on his ability to see his children. "Visitation by a noncustodial parent is presumed to be in the child[ren]'s best interest" (*Matter of Frierson v Goldston*, 9 AD3d 612, 614 [2004]). Here, both parties testified that the father had a good relationship with his children and, despite her professed fears, the mother admitted that the father is not frequently angry and that she had not noticed any negative impact on the children stemming from the father's recent, erratic behavior. In the absence of a forensic evaluation or any insight into the children's views, we are unable to determine whether such limitations on the father's access to his children are warranted (*see Matter of Rivera v Tomaino*, 46 AD3d 1249, 1250 [2007]; *Matter of Albanese v Albanese*, 44 AD3d 1117, 1120 [2007]; *see also Matter of Amato v Amato*, 51 AD3d 1123, 1124-1125 [2008]). Accordingly, the matter should be remitted to Family Court to give the court the opportunity, at a minimum, to conduct a *Lincoln* hearing with these children, who are certainly old enough to provide insight into their relationship with their father (*see Matter of Flood v Flood*, 63 AD3d 1197, 1199 [2009]; *cf. Matter of Mitchell v Mitchell*, 209 AD2d 845, 847 [1994]).

Finally, issues relating to the father's challenge to the order of protection are moot, inasmuch as the order of protection expired by its own terms in April 2010 (*see Matter of Boua TT. v Quamy UU.*, 66 AD3d 1165, 1167 [2009], *lv denied* 14 NY3d 702 [2010]).

Mercure, J.P., Peters, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as established one hour of weekly supervised visitation for respondent; matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, the existing visitation order shall continue on a temporary basis; and, as so modified, affirmed.