■ In the Matter of KELLE R. MCLAUGHLIN, Appellant, v CHRISTOPHER A. PHILLIPS, Respondent. (And Another Related Proceeding.) [975 NYS2d 176]—

Garry, J. Appeal from an order and an amended order of the Family Court of Greene County (Tailleur, J.), entered July 12, 2012 and August 21, 2012, which, among other things, granted respondent's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.

The parties are the parents of two children (born in 2007 and 2010). They lived together in South Carolina for several years, excepting a one-year separation, until shortly before the birth of the younger child. Petitioner (hereinafter the mother) then moved to New York with the older child without advance notice to respondent (hereinafter the father). When the mother commenced the first of these custody proceedings pursuant to Family Ct Act article 6, she was residing in the Town of Athens, Greene County, near the home of her father (hereinafter the grandfather). The father remained in South Carolina.

Following an initial hearing, Family Court issued a temporary order granting joint legal custody to the parties and residential custody to the mother. Shortly thereafter, the father advised the court that he had discovered that the grandfather—who visited the children daily and often provided day-care services—was a risk level III registered sex offender. The court issued a temporary order of protection prohibiting the grandfather from having contact with the children, and the father commenced the second of these custody proceedings. After a hearing, the court awarded residential custody to the father and joint legal custody to both parties, and directed that any visitation with the grandfather was to be supervised. The mother appeals.

The best interests of the child is the overriding concern in any custody dispute (see Matter of Gordon v Richards, 103 AD3d 929, 930 [2013]; Matter of Ames v Ames, 97 AD3d 914, 914 [2012], lv denied 20 NY3d 852 [2012]). In making this initial custody determination, Family Court was required to consider such factors as each parent's relative fitness and past performance, ability to provide for the children's well-being and furnish a stable home environment, and willingness to foster relationships with the other parent (see Matter of Barker v Dutcher, 96 AD3d 1313, 1313 [2012]; Matter of Lynch v Gillogly, 82 AD3d 1529, 1530 [2011]). Here, the father was honorably discharged from the Marine Corps, has obtained an Associate's degree, and is working toward obtaining a Bachelor's degree. He is employed and able to support the children and provide them with housing, which Family Court found adequate and appropriate, and which is located adjacent to his parents' home. His mother testified regarding her close relationship with the older child. Other members of the father's extended family, as well as some of the mother's relatives, also live in the region.

The mother is unemployed, depending upon public assistance for support. She has moved several times since she left South Carolina and has no relatives or support system in New York other than the grandfather. The grandfather was convicted in

Iowa of multiple acts of sexual abuse perpetrated during the mother's childhood against four girls between the ages of 11 and 17, some of whom were the mother's friends. Following a New York risk level redetermination proceeding conducted in 2005, the grandfather was classified as a risk level III sex offender—that is, an offender with a high risk of recidivism who poses a threat to public safety (*see* Correction Law § 168-l [6] [c]).

The record supports Family Court's observation that the mother minimized and denied the seriousness of the grandfather's criminal history and the potential for harm to the children. She testified that although she was generally aware of the grandfather's convictions during her childhood, she had tried to "block" or "bury" these memories, and did not investigate the details of his crimes until she was preparing for the custody trial. She acknowledged that she permitted the grandfather to have unlimited, unsupervised access to the children before the protective order was issued, and she stated that she did not believe he posed any threat to them. She also testified—and the grandfather confirmed—that she and the grandfather made an intentional decision to conceal the grandfather's status as a sex offender from the father because they believed that this was "none of [his] business."* Although the mother had previously been the primary caretaker for the children, in view of all the evidence—in particular, the father's more stable finances and extended support system, and the mother's poor parental judgment in choosing to conceal the grandfather's criminal history from the father and to relocate to a place where the grandfather was her only support—we find Family Court's custody determination to be supported by a sound and substantial basis in the record (*see Matter of Richardson v Alling*, 69 AD3d 1062, 1063-1064 [2010]; *Matter of Roe v Roe*, 33 AD3d 1152, 1153 [2006]; *see also Matter of Albert T. v Wanda H.*, 43 AD3d 1320, 1321 [2007]; *Matter of Richard C.T. v Helen R.G.*, 37 AD3d 1118, 1118-1119 [2007]).

Peters, P.J., Rose and Lahtinen, JJ., concur. Ordered that the order and amended order are affirmed, without costs.

---

* The father learned about the grandfather's history by conducting an Internet search.