Stein, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered September 16, 2011, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties’ child.
The parties are the unmarried parents of a son (born in 2002). In 2008, after living with respondent (hereinafter the mother) and the child in various states across the country, petitioner (hereinafter the father) left them in Kansas and returned to New York. The mother and the child moved several more times and ultimately resided in Oklahoma. In the summer of 2010, the child was twice removed from the mother’s care by the Oklahoma Department of Human Services and, after the father became aware of the situation, he traveled to Oklahoma and was awarded temporary custody of the child. The parties subsequently commenced these two proceedings, each seeking custody of the child. After a hearing, Family Court granted the father’s petition, awarded him custody of the child and directed that the mother have visitation in Broome County. The mother now appeals, and we affirm.
In making an initial custody determination, the primary focus is the child’s best interests (see Matter of Gordon v Richards, 103 AD3d 929, 930 [2013]; Matter of Ames v Ames, 97 AD3d 914, 914 [2012], lv denied 20 NY3d 852 [2012]), taking into account, among other things, the parents’ past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for *1070 the child’s overall well-being (see Matter of Joseph G. v Winifred G., 104 AD3d 1067, 1068 [2013], lv denied 21 NY3d 858 [2013]; Matter of Bambrick v Hillard, 97 AD3d 921, 921-922 [2012]; Matter of Raynore v Raynore, 92 AD3d 1167, 1168 [2012]). Considering these factors, there is ample evidence in the record before us to support Family Court’s determination that an award of custody to the father was in the child’s best interests.
While the child has resided with the mother for most of his life, her ability to provide him with a stable environment and proper care is questionable. By the time the child was removed from the mother’s care, the child had been moved approximately a dozen times within at least six different states. Notably, the primary reason for the child’s removal was that the child was deemed to be at risk due to the mother’s relationship with an individual who she alleged had been violent with her and the child. After the mother promised to keep the child away from this individual following the first removal, the child was returned to her and she immediately took the child with her to see this individual, which resulted in the child being removed from her care the second time. The mother also admitted that she had left the child, occasionally overnight, with her 13-year-old daughter while the mother went away with this individual. Further, when the father was first awarded temporary custody, the child — who was then seven years old — was not toilet trained, was educationally delayed and suffered from serious and substantial untreated dental problems. At the time of the hearing, the mother was unemployed, resided with her mother in Kansas, had medical problems and a history of mental health issues.
In contrast, the father offered a more stable home environment for the child. The father is married, gainfully employed, and has a residence for the child, which he shares with his wife — who also holds stable employment — and her two children. The father has addressed the child’s dental issues and obtained developmental and educational services for the child. Despite the mother’s claim that she is more willing than the father to foster a relationship between the child and the other parent, the record reflects that, for a substantial period of time after the father left the mother and child and returned to New York, the mother refused to provide him with their address and the father did not know their whereabouts. Considering the record as a whole, and according appropriate deference to Family Court’s credibility assessments, we find a sound and substantial basis in the record supporting the award of custody to the father and we decline to disturb it (see Matter of Joseph G. v Winifred *1071 G., 104 AD3d at 1067; Matter of Bambrick v Hillard, 97 AD3d at 922; Matter of Barker v Dutcher, 96 AD3d 1313, 1313-1314 [2012]). Further, in view of the child’s age, his participation in a year-long program to address his special needs, and the mother’s instability and history of hiding her whereabouts from the father, Family Court’s determination to restrict the mother’s visitation to Broome County was a proper exercise of its discretion (see generally DeLorenzo v DeLorenzo, 81 AD3d 1110, 1111-1112 [2011], lv dismissed 16 NY3d 888 [2011]).
Finally, we discern no abuse of Family Court’s discretion in failing to conduct a Lincoln hearing, particularly considering the child’s age and developmental delays, the representation provided by the child’s attorney and the fact that no request for such a hearing was made (see Matter of DeRuzzio v Ruggles, 88 AD3d 1091, 1092 [2011]; Matter of Walker v Tollman, 256 AD2d 1021, 1022 [1998], lv denied 93 NY2d 804 [1999]; compare Matter of Yeager v Yeager, 110 AD3d 1207, 1209 [2013]). To the extent not specifically addressed, the mother’s remaining contentions have been examined and found to be without merit.
Peters, EJ., McCarthy and Spain, JJ., concur. Ordered that the order is affirmed, without costs.