## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:   July 10, 2014                    515848
_____

In the Matter of MARIO ALLEYNE,
                    Respondent,

        v
                                          MEMORANDUM AND ORDER
BRITTANY COCHRAN,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:   June 5, 2014

Before:   Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

                        _____

        Emily Karr Cook, Elmira, for appellant.

        John M. Scanlon, Binghamton, for respondent.

        Scott B. Nadel, Binghamton, attorney for the child.

                        _____

Devine, J.

        Appeal from an order of the Family Court of Broome County
(Connerton, J.), entered November 16, 2012, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, for custody of the parties'
child.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a child (born in
2011).  Following the establishment of the father's paternity in
April 2012, he commenced the first of these proceedings seeking
custody of the child and Family Court issued a temporary order
awarding the parties joint custody with primary physical custody

with the father.  The mother cross-petitioned for custody in May 2012.  Following two days of hearings, Family Court awarded custody to the father with "reasonable visitation" to the mother as arranged by the parties.  The mother now appeals.

Initially, although Family Court's order is not clear as to the exact nature of the award of custody to the father, we conclude that, reasonably construed, the order awarded the father physical custody only and the parties still maintain joint legal custody over their child.  In this regard, the mother is correct that the record does not demonstrate that the parties are incapable of working together, and Family Court's order requiring the parties to arrange visitation between themselves indicates that it did not conclude that joint legal custody was unworkable.

The mother challenges the award of primary physical custody to the father and, in the alternative, the visitation provisions set forth in the order.  In making an initial custody determination, the paramount concern is the best interests of the child, taking into account such factors as "'the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being'" (Matter of Keen v Stephens, 114 AD3d 1029, 1030 [2014], quoting Matter of Adams v Morris, 111 AD3d 1069, 1069-1070 [2013]; accord Matter of Jarren S. v Shaming T., 117 AD3d 1109, 1110 [2014]).  Family Court's credibility determinations and factual findings are accorded great deference and we will not disturb its determination if it is supported by a sound and substantial basis in the record (see Matter of Jarren S. v Shaming T., 117 AD3d at 1111; Matter of Keen v Stephens, 114 AD3d at 1030).

While both parents appear to be capable and caring, there exists a sound and substantial basis for Family Court's award of custody to the father.  The father has resided in the same residence for years with his sister, his mother (hereinafter the grandmother) and her boyfriend, and is employed full time.  The grandmother assists in caring for the child, including while the father works.  By contrast, the mother resided in three different places in the first year of the child's life and she is

unemployed and dependant on public assistance for support. Additionally, the mother does not have a reliable support network[1] and she admitted that she has been subjected to domestic violence in her current relationship. Considering the foregoing, Family Court's award of primary physical custody to the father has a sound and substantial basis in the record and we decline to disturb it (see Matter of McLaughlin v Phillips, 110 AD3d 1184, 1186 [2013]; Matter of Gordon v Richards, 103 AD3d 929, 930-931 [2013]; Matter of Christina MM. v George MM., 103 AD3d 935, 937 [2013]).

Turning to the issue of visitation, we are unpersuaded that Family Court's order was inappropriate. In its order, Family Court provided that the mother may have "reasonable visitation" with the child, which "may mean a week-long visit each month on dates as arranged with the father" and "other and further visitation . . . as the parents may arrange." Such flexible provisions are not impermissible (see Matter of Nicolette I.[Leslie I.], 110 AD3d 1250, 1255 [2013]), and, mindful of the trial court's "unique opportunity to assess the temperament of the parties" and the credibility of the witnesses (Murray v Skiff-Murray, 289 AD2d 805, 807 [2001]), "Family Court's best interests determination in visitation matters is ordinarily accorded great deference" (Matter of Fish v Fish, 112 AD3d 1161, 1163 [2013]). The record indicates that the parties had been able to communicate adequately and arrange suitable visitation up to the time of the hearings and, in fact, the flexibility granted in the order is consistent with what the mother stated she was amenable to before the court. Accordingly, we decline to disturb the visitation provisions of Family Court's order.

The mother's remaining arguments have been considered and found to be without merit.

---

[1] For example, after leaving the child with her father — who has a history of drug and alcohol abuse — for two nights, the mother was told by child protective services that the child cannot be left with him unsupervised due to his own history with the agency.

Lahtinen, J.P., McCarthy, Rose and Lynch, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court