*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 16, 2014 516643
_____

In the Matter of DAVID KOCH,
                    Respondent,

        v                                MEMORANDUM AND ORDER

LORI-ANN KOCH,
                    Appellant.
_____

Calendar Date: September 9, 2014

Before: Lahtinen, J.P., Rose, Egan Jr., Lynch and Clark, JJ.

_____

        Teresa C. Mulliken, Harpersfield, for appellant.

        Andrew H. Van Buren, Hobart, for respondent.

        Larisa Obolensky, Delhi, attorney for the child.

_____

Rose, J.

        Appeal from an order of the Family Court of Delaware County
(Becker, J.), entered March 29, 2013, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article 6,
for custody of the parties' child.

        Petitioner (hereinafter the father) was required to leave
the marital residence he shared with respondent (hereinafter the
mother), their child (born in 2007) and two of the mother's three
children from different relationships after an altercation with
her teenage son. The father thereafter commenced this
proceeding, seeking, among other things, sole custody of the
parties' child. Family Court held a fact-finding hearing and
awarded the father sole custody with scheduled visitation to the
mother. The mother appeals.

When making an initial custody determination, a court's primary concern is "the best interest of the child, and what will best promote its welfare and happiness" (Eschbach v Eschbach, 56 NY2d 167, 171 [1982] [internal quotation marks and citation omitted]; see Matter of Alleyne v Cochran, 119 AD3d 1100, 1100 [2014]; Matter of Keen v Stephens, 114 AD3d 1029, 1030 [2014]). Among the factors to be considered are "maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (Matter of Smith v Miller, 4 AD3d 697, 698 [2004]; accord Matter of Jolynn W. v Vincent X., 85 AD3d 1217, 1217 [2011], lv denied 17 NY3d 713 [2011]; see Matter of Keen v Stephens, 114 AD3d at 1030). We give due deference to Family Court's ability to observe the witnesses and assess their credibility, and we will not disturb its determination if it is supported by a sound and substantial basis in the record (see Matter of Alleyne v Cochran, 119 AD3d at 1101; Matter of Jarren S. v Shaming T., 117 AD3d 1109, 1110 [2014]; Matter of Roberta GG. v Leon HH., 99 AD3d 1057, 1059 [2012]).

The evidence here established that the father lives with his mother, has held a steady job for the past 17 years, and has a network of support to assist him in caring for the child while he is at work. The father's mother and sister testified as to the father's close relationship with the child and demonstrated ability to properly care for him, engage in activities with him and administer appropriate discipline. In contrast, the father expressed concern for the child's safety in the mother's care, mainly due to the mother's lack of supervision and failure to protect the child from her teenage son. The father, his mother and his sister also testified that the mother and her 27-year-old son were antagonistic toward them in front of the child during visitation exchanges, calling them vulgar names and driving recklessly. Although there were two indicated reports for physical violence against the father that occurred while the family was living together, he established that, since then, he had been regularly attending anger management counseling sessions and that there were no further incidents. The criminal charges filed against the father in connection with the altercation that

resulted in him leaving the marital residence were dismissed, and the mother acknowledged that the father was never physically violent toward their child.

Family Court found the mother's testimony to be fabricated and discounted the testimony of two of her children that the father had regularly assaulted them.  Both of the mother's children who testified had previously retracted such claims, and the mother admitted to having been convicted of forgery in the third degree for falsifying a document related to child support payments, claiming that she would "do it again for [her] kids." Her daughter also admitted that she would lie in court to help her mother.  Further, the mother had moved her children in with her 27-year-old son, yet she disingenuously claimed that she had no idea why he had previously been arrested and served a prison sentence.  She also provided a dubious version of events surrounding the death of a dog left in an apartment that she had abandoned.  In light of this record, we find no basis to disturb Family Court's credibility determination in favor of the father (see Matter of Virginia C. v Donald C., 114 AD3d 1032, 1035-1036 [2014]; Matter of Ames v Ames, 97 AD3d 914, 916 [2012], lv denied 20 NY3d 852 [2012]; Matter of Meier v Meier, 79 AD3d 1295, 1296 [2010]).

Although the mother claims that Family Court was biased against her for her repeated failure to appear on time for court proceedings and that the court's bias is reflected in allowing the father to proceed on custody when he had only checked the box for visitation on the face of his petition, the contents of the petition clearly reflected his request for sole custody of the child.  Further, the mother has not alleged any prejudice in the denial of her request for an adjournment.  The award of sole custody to the father, based on Family Court's determination that he is able to offer the child a more stable environment and is willing to foster a relationship between the child and the mother, is supported by a sound and substantial basis in the record (see Matter of Jarren S. v Shaming T., 117 AD3d at 1111; Matter of Keen v Stephens, 114 AD3d at 1031; Matter of Calmeek MM., 18 AD3d 1053, 1054 [2005]).

Lahtinen, J.P., Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court