*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014                    516620
_____

In the Matter of STEVEN
    ANTHONY TERI,
                    Appellant-
                    Respondent,

        v

SUMMER JOY ELLIOTT,
                    Respondent-
                    Appellant.

(Proceeding No. 1.)
_____

In the Matter of JENNY E.                    MEMORANDUM AND ORDER
    ELLIOTT,
                    Appellant,

        v

STEVEN ANTHONY TERI,
                    Appellant-
                    Respondent,

        and

SUMMER J. ELLIOTT,
                    Respondent-
                    Appellant.

(Proceeding No. 6.)

(And Five Other Related Proceedings.)
_____

Calendar Date:  October 14, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

_____

Cliff Gordon, Monticello, for appellant-respondent.

Ivy M. Schildkraut, Monticello, for respondent-appellant.

Hannah Prall, Bloomingburg, attorney for the child.

_____

Peters, P.J.

Cross appeals from an order of the Family Court of Sullivan County (McGuire, J.), entered March 19, 2013, which, among other things, partially granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, for custody of the parties' child.

Steven Anthony Teri (hereinafter the father) and respondent Summer Joy Elliott (hereinafter the mother) are the parents of one son (born in 2011). After the father was determined to be the biological father of the child, he commenced the first of these proceedings seeking custody. In June 2012, Family Court issued a temporary order providing for joint legal custody and allocating equal parenting time to the parents. Thereafter, the mother cross-petitioned for custody and petitioner Jenny E. Elliott (hereinafter the maternal grandmother) sought visitation. Additionally, during the pendency of these proceedings, the mother and father each filed petitions alleging that the other had violated the temporary custody order. Following a fact-finding hearing, Family Court awarded the parents joint legal custody of the child and divided their parenting time into equal half-week shares. The court also provided the maternal grandmother with monthly visitation, to occur during the mother's parenting time. As for the violation petitions, Family Court found that the mother had twice violated the June 2012 temporary order and sentenced her to a conditional discharge, dependent on her compliance with the custody order. The father, the mother and

the maternal grandmother appeal.[1]

In the context of an initial custody determination, Family Court must consider the best interests of the child by examining such factors as "the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being" (Matter of Adams v Morris, 111 AD3d 1069, 1069-1070 [2013]; accord Matter of Keen v Stephens, 114 AD3d 1029, 1030 [2014]; see Matter of McLaughlin v Phillips, 110 AD3d 1184, 1185 [2013]). As Family Court is in the best position to evaluate the testimony and assess the credibility of the witnesses, great deference is accorded to that court's determination so long as it is supported by a sound and substantial basis in the record (see Matter of Alleyne v Cochran, 119 AD3d 1100, 1101 [2014]; Matter of Jarren S. v Shaming T., 117 AD3d 1109, 1110 [2014]; Matter of Shearer v Spisak, 90 AD3d 1346, 1347 [2011]).

The evidence at the hearing established that both parents are fit and able to provide a stable and nurturing home environment for the child. It was undisputed that the mother acted as the child's primary caretaker for the first 10 months of his life. During this time, the mother appropriately attended to the child's numerous health issues and, through her own employment and with assistance from the maternal grandmother, provided economic support for the child as well. The father, who did not learn that he was the child's biological parent until approximately five months after the child's birth, did not take an active parenting role until the child was 10 months old. At that time, however, the father engaged wholeheartedly in the child's life, exercising all of his custodial time and earnestly participating in programs aimed at improving his parenting skills. Moreover, both parents have stable home environments and receive emotional and financial support from their extended

---

[1] Inasmuch as the maternal grandmother has not perfected her appeal, we deem it abandoned (see Matter of Figueroa v Lopez, 48 AD3d 906, 907 n [2008]).

families.

Both of these young parents have shortcomings, yet none is so great as to warrant a disturbance of Family Court's determination.  There was evidence that the father failed to comply with Family Court's directive to keep the child in smoke-free surroundings, but both he and the paternal grandmother were making sincere efforts to keep their residence smoke-free.  The mother engaged in behaviors that interfered with the father-child relationship.  Although she took exclusive responsibility for scheduling the child's medical appointments, she repeatedly failed to provide the father with timely notice of such appointments and repeatedly refused to allow him to take the child for his parenting time.  Nonetheless, both parents demonstrated their ability to parent the child appropriately and exhibited their strong desire to care for him.  Thus, we find that Family Court's decision to give both parents equal access to the child is supported by a sound and substantial basis in the record (see Matter of McLaughlin v Phillips, 110 AD3d at 1186; Matter of Danielle TT. v Michael UU., 90 AD3d 1103, 1104 [2011]).  Finally, according deference to Family Court's credibility determinations, we find no error in its decision that the mother willfully violated the June 2012 order by failing to turn over the child to the father on two occasions (see Matter of Yeager v Yeager, 110 AD3d 1207, 1210 [2013]; Matter of Guild v Clifford, 109 AD3d 1053, 1054 [2013], lv dismissed 22 NY3d 1098 [2014]; Matter of Aurelia v Aurelia, 56 AD3d 963, 966 [2008]).

Stein, Rose, Egan Jr. and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:


Robert D. Mayberger
Clerk of the Court