*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: February 26, 2015                    517871
_____

In the Matter of ROSETTA BB.,
                      Appellant,

        v
                                              MEMORANDUM AND ORDER
JOSEPH DD.,
                      Respondent.

(And Two Other Related Proceedings.)
_____


Calendar Date:   January 5, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                          _____


        Tammy J. Arquette, Clifton Park, for appellant.

        Gordon, Tepper & DeCoursey, LLP, Glenville (Elise C. Powers
of counsel), for respondent.

        Mitchell Kessler, Cohoes, attorney for the child.


                          _____


Clark, J.

        Appeal from an order of the Family Court of Schenectady
County (Powers, J.), entered September 3, 2013, which, among
other things, granted respondent's application, in a proceeding
pursuant to Family Ct Act article 6, for custody of the parties'
child.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the unmarried parents of a child
(born in 2008).  In 2010, the mother petitioned, and the father
cross-petitioned, for custody of the child.  Family Court (Taub,
J.H.O.) initially granted the mother temporary physical custody

of the child but, in February 2011, issued an order awarding physical custody to the father and affording the mother supervised visitation.  At Family Court's direction, the attorney for the child then commenced a neglect proceeding against the mother.  Family Court (Powers, J.) made a finding of neglect against the mother based on her detrimental failure to follow the recommendations of the child's medical providers.  That determination was affirmed by this Court on appeal (Matter of Josephine BB. [Rosetta BB.], 114 AD3d 1096 [2014]).

Family Court then conducted a combined hearing to resolve the custody petitions and determine an appropriate disposition in the neglect proceeding.  During the course of the proceedings, the temporary custodial arrangement was modified to grant the mother unsupervised visitation, although Family Court imposed various restrictions on the mother's behavior during those visits.  Family Court ultimately awarded the father sole legal and physical custody of the child and granted visitation to the mother subject to certain restrictions.  The mother appeals.

We affirm.  "An initial custody determination is controlled by the best interests of the child, taking into consideration such factors as the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being" (Matter of Jarren S. v Shaming T., 117 AD3d 1109, 1110 [2014] [internal quotation marks and citations omitted]; see Matter of McLaughlin v Phillips, 110 AD3d 1184, 1185 [2013]).

To that end, the mother has evinced a disturbing failure to grasp the basis for or the seriousness of the neglect finding against her, even giving the impression to her therapist that the neglect accusations were deemed unfounded.  The mother remains uncooperative with the child's medical providers, most notably when she refused to provide a sample of birdseed so that the child's allergist could determine whether it was the source of a serious allergic reaction.  The mother's failure to grasp the severity of the child's food allergy is also evident in the fact that she has provided the child with treats, allegedly intended

as gifts, that would trigger those allergies. There is also no dispute that the parties have difficulty discussing issues involving child care, which has manifested itself in disputes over religious concerns and a wholesale breakdown in communication regarding the child's medical care.

In contrast, since being placed in the care of the father, the child has gained weight and has received appropriate medical care. The father has also enrolled the child in preschool, and she has developed emotional bonds with other members of his family. Moreover, the father and his family have facilitated visitation and have encouraged the child to maintain a relationship with the mother. According due deference to Family Court's assessments of credibility, we find that the foregoing constitutes a sound and substantial basis for Family Court's determinations as to custody and visitation (see Matter of Alleyne v Cochran, 119 AD3d 1100, 1101 [2014]; Matter of Jarren S. v Shaming T., 117 AD3d at 1111).

Turning to the restrictions placed upon the mother's visitation with the child, the mother is a permanent resident of Canada and, because she has previously threatened to abscond with the child, Family Court properly limited visitation to Schenectady County (see Matter of Adams v Morris, 111 AD3d 1069, 1071 [2013]). The mother was also restricted from allowing the maternal grandfather to have contact with the child, which was amply justified given his propensity for violence and other criminal activity (see Matter of Mayo v Mayo, 63 AD3d 1207, 1209-1210 [2009]; Bohnsack v Bohnsack, 185 AD2d 533, 535 [1992]). Family Court additionally barred the mother from bringing the child to the residence of the maternal grandparents, a restriction that is more questionable now that the maternal grandfather is serving a lengthy prison sentence. That being said, the record also reflects that the mother has a tempestuous relationship with the maternal grandmother and the maternal grandparents have harbored unsavory individuals at their home in the past. Under these circumstances, Family Court properly directed the mother to keep the child away from the maternal grandparents' residence (see Matter of Mayo v Mayo, 63 AD3d at 1209-1210). Therefore, we find no reason to modify the mother's visitation schedule.

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court