*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    522157
_____

In the Matter of JERROD FINKLE,
                    Respondent,

        v
                                        MEMORANDUM AND ORDER

LESLIE SCHOLL,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  April 25, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

                        _____

        Cynthia Feathers, Glens Falls, for appellant.

        Andrew H. Van Buren, Hobart, for respondent.

                        _____

Rose, J.

        Appeal from an order of the Family Court of Delaware County
(Becker, J.), entered July 30, 2015, which, among other things,
granted petitioner's application, in a proceeding pursuant to
Family Ct Act article 6, for custody of the parties' child.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a daughter born in
2006.  After living together in Delaware County for several
years, the parties separated in 2011 and informally shared
parenting time with the child.  The parties maintained this
roughly equal arrangement until October 2014, when, without
advance notice to the father, the mother withdrew the child from
school and relocated with her to Saratoga County.  The father
then filed a petition seeking custody of the child and the mother

cross-petitioned for the same relief. Additionally, upon application of the father, Family Court signed an order to show cause requiring the immediate return of the child to the father's custody and to her original school district during the pendency of these custody proceedings. After a fact-finding hearing, the court granted the father sole legal and physical custody of the child and liberal visitation to the mother, who now appeals.

While the mother's relocation "precipitated the commencement of these proceedings, the matter concerns an initial custody determination, and, therefore, the strict application of the factors applicable to relocation petitions is not required" (Matter of Wright v Stewart, 131 AD3d 1256, 1257 [2015]; see Matter of Hill v Dean, 135 AD3d 990, 991 [2016]; Matter of Holland v Klingbeil, 118 AD3d 1077, 1078 [2014]). Despite Family Court's statement in its decision that it would apply the Tropea analysis (see Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]), its analysis actually — and appropriately — treated the mother's relocation as "'a very important factor among the constellation of factors to be considered in arriving at a best interests determination'" (Matter of Bush v Lopez, 125 AD3d 1150, 1150 [2015], quoting Matter of Streid v Streid, 46 AD3d 1155, 1156 [2007]). These factors also include "the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being" (Matter of Hill v Dean, 135 AD3d at 991 [internal quotation marks and citations omitted]).

The record portrays the parties as loving, attentive parents, both of whom are equally capable of providing for the child's overall well-being. The father resides with the child, his girlfriend, their infant daughter and the girlfriend's daughter from a previous relationship in the same house that the child has lived in for almost all of her life. The father testified that the child has close relationships with the girlfriend, the other two children and his large extended family that lives in the area. Currently, the mother resides in a three-bedroom apartment in Saratoga County. Family Court discredited her explanation of her reasons for the move and

attributed the relocation primarily to her desire to be closer to her current boyfriend, who also lives in Saratoga County.

The secretive manner in which the mother left Delaware County with the child – effectively removing the child from her father, his family and the only school she has ever known – is, in our view, the greatest cause for concern relevant to this initial custody determination.  On October 7, 2014, the mother pulled the child out of school mid-day and immediately moved with her to an apartment in Saratoga County.  It was not until two days later that the father learned the full details of the mother's relocation, most of which were explained in a letter that the mother did not mail to him until the day that she executed her long-standing plan.

As for the mother's allegations of parental unfitness against the father, we agree with Family Court's assessment that the father has, on occasion, displayed a lack of proper parental judgment.  However, we note that the mother's professed concerns did not prevent her from agreeing to their prior arrangement of shared parenting time, and we defer to the court's credibility determination that most of the mother's assertions were exaggerated or fabricated (see Matter of Hill v Dean, 135 AD3d at 992-993; Matter of Matthew K. v Beth K., 130 AD3d 1272, 1274 [2015]).  Furthermore, the evidence indicates that the father's home environment provides greater stability for the child, and he is more willing than the mother to foster a relationship between the child and the other parent.  Thus, we find a sound and substantial basis to support the court's decision that an award of primary physical custody to the father is in the child's best interests (see Matter of King v Chester, 123 AD3d 1352, 1355 [2014]; Matter of Adams v Morris, 111 AD3d 1069, 1070-1071 [2013]; Matter of Barker v Dutcher, 96 AD3d 1313, 1313-1314 [2012]).

On the other hand, we disagree with Family Court's award of sole legal custody to the father.  Apart from the mother's relocation with the child, the record makes clear that the parents have consistently displayed the ability to cooperate with one another on matters related to the child's custody and care.  Therefore, we conclude that the record lacks a sound basis for

stripping the mother of all custodial authority over the child, and we grant joint legal custody to the parties (see e.g. Ehrenreich v Lynk, 74 AD3d 1387, 1389-1390 [2010]; Matter of Blanchard v Blanchard, 304 AD2d 1048-1049 [2003]; Matter of Darrow v Burlingame, 298 AD2d 651, 652 [2002]).

Finally, as for the mother's request for more weekly parenting time, we note that "[Family] Court is afforded wide discretion in crafting an appropriate visitation schedule" in the best interests of the child (DeLorenzo v DeLorenzo, 81 AD3d 1110, 1112 [2011], lv dismissed 16 NY3d 888 [2011]). Here, the court provided the mother with visitation every other weekend, alternating holidays, half of all of the child's school vacations and five weeks during the summer. Inasmuch as this schedule results in frequent and regular access to the child, Family Court did not abuse its discretion (see Musacchio v Musacchio, 107 AD3d 1326, 1328-1329 [2013]; Matter of Maziejka v Fennelly, 3 AD3d 748, 749 [2004]).

Lahtinen, J.P., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the order is modified, on the law and the facts, without costs, by reversing so much thereof as awarded sole legal custody of the child to petitioner; award joint legal custody of the child to petitioner and respondent; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court