Matter of Lorimer v Lorimer (2018 NY Slip Op 08721)





Matter of Lorimer v Lorimer


2018 NY Slip Op 08721


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

525515

[*1]In the Matter of LACEY J. LORIMER, Appellant,
v
BRETT J. LORIMER, Respondent.

Calendar Date: October 10, 2018

Before: Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ.


William V. O'Leary, Albany, for appellant.
Michelle E. Stone, Vestal, for respondent.
Steven G. Natoli, Norwich, attorney for children.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Family Court of Chenango County (Revoir Jr., J.), entered August 4, 2017, which, among other things, partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the separated parents of two children (born in 2007 and 2014). In December 2016, the mother commenced this proceeding seeking full legal custody of both children. Following a fact-finding hearing, Family Court awarded the parties joint legal custody with the mother having primary physical custody of the children. Regarding visitation, Family Court, as relevant here, awarded the father parenting time on alternate weeks during the summer and, during the school year, the father would have parenting time after school on Friday to Sunday morning and, on alternate weeks, after school on Friday to Monday morning [FN1]. The father's parenting time on the weekends would also be subject to a monthly option by the mother of having physical custody of the children for a full weekend provided that the mother gave the father reasonable notice of her intent to use such option, in which case, the father would receive compensatory time. The mother appeals.
When making an initial custody determination, Family Court is guided by the best interests of the children (see Matter of Davis v Church, 162 AD3d 1160, 1161 [2018], lvs denied 32 NY3d 905, 906 [2018]; Matter of Paluba v Paluba, 152 AD3d 887, 888 [2017]). This determination entails the examination of various factors, "including the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child[ren] and [*2]the other parent, as well as their ability to maintain a stable home environment and provide for the child[ren's] overall well-being" (Matter of Spoor v Carney, 149 AD3d 1209, 1210 [2017] [internal quotation marks and citation omitted]; see Matter of Gentile v Warner, 140 AD3d 1481, 1482 [2016]). In light of Family Court's superior position to evaluate witness credibility and make factual findings, the court's determination will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Manell v Manell, 146 AD3d 1107, 1108 [2017]; Herrera v Pena-Herrera, 146 AD3d 1034, 1035 [2017]; Matter of Basden v Faison, 141 AD3d 910, 911 [2016]).
The evidence from the fact-finding hearing discloses that the parties were married in 2008, but have been separated since November 2016. The mother testified that when she was together with the father, she took care of the children while the father was working. The mother set up the children's medical appointments, helped them get ready for school, cooked their meals and prepared them for bed, and she had family to help her with watching the children. The mother had a routine with the children, which continued after she and the father separated. Meanwhile, the father testified that when the children visited him during one Thanksgiving, they had a fun time playing with their cousins. The father stated that the children have their own bedroom in his residence and, when the children are with him, they prepare their dinners together. The father took them to the park, went bowling with them and had nights where they made their own pizza. The father financially provided for the children and stated that the children could have free contact with the mother when they were with him. The father also had a flexible work schedule to allow him to bring the children to school on time.
In view of the foregoing, Family Court's determination of awarding joint legal custody of the children to the parties, with the mother having primary physical custody, is supported by a sound and substantial basis in the record (see Matter of Basden v Faison, 141 AD3d at 911-912; Matter of Gordon v Richards, 103 AD3d 929, 930-931 [2013]; Matter of Torkildsen v Torkildsen, 72 AD3d 1405, 1407 [2010]). Although the mother raised concerns about the father, Family Court found them to be "subjective generalized fears" and "nothing of any real significance." Given that the record evidence reveals that both parties are capable of taking care of the children, Family Court's award of joint custody serves the best interests of the children and will not be disturbed (see Herrera v Pena-Herrera, 146 AD3d at 1036; Matter of Gentile v Warner, 140 AD3d at 1483).
As to the parenting time, "Family Court is afforded wide discretion in crafting an appropriate visitation schedule" (Matter of Finkle v Scholl, 140 AD3d 1290, 1292 [2016] [internal quotation marks, brackets and citation omitted]; see Matter of Alleyne v Cochran, 119 AD3d 1100, 1101-1102 [2014]). In our view, the parenting time schedule fashioned by Family Court was reasonable. Accordingly, we see no reason to disturb it.
Finally, contrary to the father's assertion, the mother's argument that Family Court erred in failing to conduct a Lincoln hearing for the older child is preserved given that the mother's counsel "support[ed]" the attorney for the children's request for such hearing. We also do not share Family Court's view that "[c]ourts are rarely only supposed to have Lincoln [h]earings." To the contrary, conducting such hearings is the "preferred practice" (Matter of McGrath v Collins, 202 AD2d 719, 721 [1994]; see Matter of Imrie v Lyon, 158 AD3d 1018, 1021 [2018]; Matter of Jessica B. v Robert B., 104 AD3d 1077, 1078 [2013]). That said, whether to conduct a Lincoln hearing rests in the discretion of Family Court (see Matter of Walker v Tallman, 256 AD2d 1021, 1022 [1998], lv denied 93 NY2d 804 [1999]). Family Court noted that the testimony from the fact-finding hearing was "not remarkable nor extremely disturbing" and did not raise "any red flags." In our view, the record was sufficiently developed for the court to make a custody and visitation determination. Furthermore, although the wishes of the older child, who was nearly 11 years old at the time of the hearing, were "entitled to consideration" (Matter of Rivera v LaSalle, 84 AD3d 1436, 1439 [2011]), this is just one factor in the best interests analysis and is not dispositive (see Matter of Imrie v Lyon, 158 AD3d at 1022; Matter of Mabie v O'Dell, 48 AD3d 988, 989 [2008]; Matter of Cornell v Cornell, 8 AD3d 718, 719 [2004]). As such, under the [*3]circumstances of this case, we find no abuse of discretion (see Matter of Adams v Morris, 111 AD3d 1069, 1071 [2013]; Matter of Burrell v Burrell, 101 AD3d 1193, 1195 [2012]).
Devine and Pritzker, JJ., concur.




Garry P.J., (dissenting).


We respectfully dissent. The record includes no testimony or evidence that reveals the preferences of the older child [FN2]. Family Court denied the request of the attorney for the children for a Lincoln hearing, and the bench decision fails to reveal that the older child's wishes were considered in the best interests analysis.
In explaining the denial of the Lincoln hearing, Family Court stated that such a hearing should be "rarely" conducted and was not needed here, as the testimony indicated nothing unusual or "extremely disturbing" and did not "sen[d] up any red flags." However, consideration of a child's wishes as part of a best interests analysis is not limited to unusual or disturbing circumstances. Instead, although not determinative, a child's preference is an "important" factor that — taking into account the potential for influence and the child's age and maturity — provides "some indication of what is in the child's best interests" (Eschbach v Eschbach, 56 NY2d 167, 173 [1982]; see Matter of Stephen G. v Lara H., 139 AD3d 1131, 1132-1133 [2016], lv denied 27 NY3d 1187 [2016]). Here, the older child was nearly 11 years old at the time of the hearing, an age at which her preferences "were not necessarily entitled to the great weight we accord to the preferences of older adolescents . . . [but were], at minimum, entitled to consideration" (Matter of Rivera v LaSalle, 84 AD3d 1436, 1439 [2011] [internal quotation marks and citations omitted]; see Matter of Turner v Turner, ___ AD3d ___,___, 2018 NY Slip Op 07988, *2 [2018] ["considerable weight" given to preferences of 12 year old]; Matter of Tamara FF. v John FF., 75 AD3d 688, 690 [2010] [children aged 13, 12 and 10 were "certainly old enough to provide insight"]; Matter of Flood v Flood, 63 AD3d 1197, 1199 [2009] [information about wishes of 10 year old and 7 year old "would have been helpful to the court's determination of what was in their best interests"]).
A Lincoln hearing is not necessary in every situation. Sound reasons may support a court's discretionary decision not to conduct a Lincoln hearing — for example, when a child's wishes have been adequately conveyed to the court through other means, when a child is very young or otherwise unable to articulate a preference, or when there is reason to believe that participation in the court process would be traumatic or damaging (see e.g. Matter of Imrie v Lyon, 158 AD3d 1018, 1021-1022 [2018]; Matter of William O. v John A., 151 AD3d 1203, 1205 [2017], lv denied 30 NY3d 902 [2017]; Matter of Merwin v Merwin, 138 AD3d 1193, 1195 [2016]; Matter of Gallo v Gallo, 138 AD3d 1189, 1191 [2016]; Matter of Adams v Morris, 111 AD3d 1069, 1071 [2013]; Matter of VanBuren v Assenza, 110 AD3d 1284, 1285 [2013]; Matter of DeRuzzio v Ruggles, 88 AD3d 1091, 1091-1092 [2011]). Nevertheless, where no such reason exists, the confidential setting of a Lincoln hearing is "the preferred practice" to ascertain a child's wishes (Matter of McGrath v Collins, 202 AD2d 719, 721 [1994]; see Matter of Yeager v Yeager, 110 AD3d 1207, 1209 [2013]; see generally Matter of Lincoln v Lincoln, 24 NY2d 270, 272-274 [1969]). Here, there was no suggestion that conducting the hearing would be futile or traumatic. On the contrary, the attorney for the children said that the older child was "very articulate" and had repeatedly expressed her wishes to her counsel, and the attorney for the children believed that an interview with her would be "enlightening." Counsel for petitioner (hereinafter the mother) supported the request.
In opposition to the request, counsel for respondent (hereinafter the father) stated that "we are all aware of what the [older] child's position is." However, the record fails to [*4]demonstrate that Family Court was aware of the older child's wishes. The court announced its bench decision immediately after denying the requested Lincoln hearing, and counsel did not make any closing statements. Thus, the attorney for the children had no opportunity to set the older child's wishes upon the record. An attorney for the child bears a primary obligation to "help[] the child articulate his or her position to the court" (Matter of Mark T. v Joyanna U., 64 AD3d 1092, 1093 [2009]; see Family Ct Act § 241; Matter of Payne v Montano, ___ AD3d ___,___, 2018 NY Slip Op 07990, *2 [2018]; 22 NYCRR 7.2 [d]). Obtaining a Lincoln hearing is often the best way to fulfill that obligation, and it may sometimes be the only way that this duty can be satisfied while also protecting the confidences of a child who may not wish his or her preferences to be revealed in open court (see Matter of Lincoln v Lincoln, 24 NY2d at 272; 22 NYCRR 7.2 [b]). For these reasons, although a request for a Lincoln hearing by an attorney for the child need not be granted automatically, such a request ordinarily indicates that the attorney for the child is aware of a need for such a hearing. In these circumstances, a hearing should therefore be denied only for sound reasons.
As an additional reason supporting a Lincoln hearing in this case, it became clear during the mother's testimony that her fears and concerns about the father were largely based on information that the older child had communicated to her. On hearsay grounds, the mother was not permitted to testify about this information, and the facts or allegations that formed the basis for her concerns were never revealed upon the record. Family Court dismissed the mother's fears, finding that they were "subjective [and] generalized" and "nothing of any real significance." Although the older child had personal knowledge of the matters that had given rise to the mother's concerns that could have been useful to the court in "mak[ing] the soundest possible decision," she had no way to communicate this knowledge to the court absent a Lincoln hearing (Matter of Noble v Brown, 137 AD3d 1714, 1715 [2016] [internal quotation marks and citations omitted]).
Finally, without input from either the older child or the attorney for the children, Family Court significantly expanded the father's parenting time beyond the schedule that was temporarily in effect while the litigation was pending. The attorney for the children on appeal — the same counsel who represented the children in Family Court — asserts that the older child would have stated her wish to retain the previous schedule. The reasons for this preference are not developed in this record. It is not possible to "ascertain from the record whether [the c]ourt failed to consider the [older] child's wishes with respect to spending time with her father or whether it considered the [older] child's wishes, but rejected them as a basis for [its custody and visitation determinations]" (Matter of Yeager v Yeager, 110 AD3d at 1209; see Matter of Norback v Norback, 114 AD3d 1036, 1037 [2014]; Matter of Jessica B. v Robert B., 104 AD3d 1077, 1078 [2013]; Matter of Tamara FF. v John FF., 75 AD3d at 690; Matter of Flood v Flood, 63 AD3d at 1198-1199). Accordingly, we would reverse and remit for a Lincoln hearing and a new custody and visitation decision that takes the older child's position into account.
Lynch, J., concurs.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: In the event that there was no school on Monday, the father would have parenting time on alternate weeks until Monday evening.

Footnote 2: The parties' younger child was approximately two years old at the time of the hearing. The attorney for the children limited his request for a Lincoln hearing to the older child.