Matter of Jennifer D. v Jeremy E. (2019 NY Slip Op 03706)





Matter of Jennifer D. v Jeremy E.


2019 NY Slip Op 03706


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

525513

[*1]In the Matter of JENNIFER D., Appellant,
v
JEREMY E., Respondent. (Proceeding No. 1.)
In the Matter of JEREMY E., Respondent,
v
JENNIFER D., Appellant. (Proceeding No. 2.) (And Two Other Related Proceedings.)

Calendar Date: March 26, 2019

Before: Garry, P.J., Lynch, Clark, Mulvey and Rumsey, JJ.


Teresa C. Mulliken, Harpersfield, for appellant.
Allen E. Stone, Vestal, attorney for the child.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Supreme Court (Dowd, J.), entered July 11, 2017 in Chenango County, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for modification of a prior order of custody and visitation.
Jeremy E. (hereinafter the father) and Jennifer E. (hereinafter the mother) are the parents of one child (born in 2009). Pursuant to a May 2015 order, entered on consent, the parties had joint legal custody and shared placement of the child. In September 2015, the mother petitioned for a modification of the order, seeking sole legal and physical custody of the child after the father threatened the mother. Thereafter, in October 2015, Supreme Court modified the custody order without conducting an evidentiary hearing and, upon the mother's appeal, this Court remitted the matter for a hearing by order entered in December 2016. During the pendency of that appeal, as pertinent here, the father filed a modification petition seeking sole custody of the child following a domestic violence incident committed against the mother by her then paramour. The father later amended his petition to include allegations that the mother did not have stable living arrangements, would drink alcohol while caring for the child, and did not properly feed and clothe the child. In July 2017, following a fact-finding hearing, the court [*2]modified the prior order and awarded sole custody of the child to the father with visitation to the mother. The mother appeals.[FN1]
Initially, the party seeking to modify an existing order of custody bears the threshold burden to show a change in circumstances since entry thereof warranting an inquiry into the child's best interests (see Matter of Kristen II. v Benjamin JJ., 169 AD3d 1176, 1177 [2019]; Matter of Perry v Leblanc, 158 AD3d 1025, 1026 [2018]). Here, as the mother and the attorney for the child concede, we find that a change in circumstances was established based upon the parties' undisputed breakdown in communications regarding the child, among other things (see Richard GG. v M. Carolyn GG., 169 AD3d 1169, 1170 [2019]; Matter of Lundgren v Jaeger, 162 AD3d 1427, 1428 [2018]; Matter of David ZZ. v Suzane A., 152 AD3d 880, 881 [2017]). Our inquiry thus distills to whether Supreme Court abused its discretion in determining that awarding sole custody to the father was in the child's best interests.
In determining the best interests of a child, a court properly considers "the home environment of each parent, the relative fitness of the parents, the parents' past performance and ability to provide for the [child]'s overall well-being, how faithful each party has been to prior court orders, the [child]'s wishes and the willingness of each parent to foster a positive relationship between the [child] and the other parent" (Matter of John VV. v Hope WW., 163 AD3d 1088, 1089 [2018] [internal quotation marks and citation omitted]; accord Matter of Nathanael G. v Cezniea I., 151 AD3d 1226, 1227 [2017]). The court is afforded broad discretion in this regard, and its determination will not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Porter-Spaulding v Spaulding, 164 AD3d 974, 974-975 [2018]; Helm v Helm, 92 AD3d 1164, 1166 [2012]). Here, although Supreme Court failed to set forth the basis for its determination in its written order, we find, upon review, that the relevant factors support the determination rendered by the court in the bench decision.
As to legal custody of the child, it was undisputed that the mother and the father were no longer able to constructively communicate regarding the child. In this regard, transportation arrangements often resulted in verbal conflict and, although both parents supported counseling for the child, they could not cooperate and each separately arranged for the child to see different providers. Accordingly, we agree with Supreme Court that joint custody was no longer feasible under the circumstances (see Matter of Cooper v Williams, 161 AD3d 1235, 1237 [2018]; Matter of Grant v Grant, 47 AD3d 1027, 1028 [2008]).
As to physical placement of the child, both parents acknowledged the other's strong and loving relationship with the child. Both parents, as well as the father's wife (hereinafter the stepmother), regularly attend the child's extracurricular activities and participate in school events, and the record reveals that the child is doing well in school. Nevertheless, Supreme Court emphasized the mother's transient living situation and persisting lack of employment in determining that the child's best interests were served by awarding sole custody to the father.
It is undisputed that the mother, at the time of the hearing, had moved at least six times since the prior order and did not have a lease agreement for her current residence, where she and the child shared a bedroom. The mother further testified that she and the child slept at least one night a week at a friend's home. Moreover, the mother remained unemployed from the time of the first hearing through the time of the second hearing — nearly four months — and her unemployment benefits were about to expire. The mother did not dispute having made inappropriate posts to her social-networking account regarding alcohol and drug abuse and violence toward children. She further admitted to having sent affectionate text messages to her former paramour while he served time in jail for reckless endangerment related to his 2016 attack upon her.
The father alleged that the mother abused alcohol and drugs and failed to properly clean and clothe the child, which the mother denied. The mother's former paramour also testified on the father's behalf, alleging that the mother used drugs and alcohol in the presence of the child and did not care for the child. Notably, however, the paramour had met the father in jail while they were each serving sentences arising from crimes against the mother; as to the father's 2016 arrest for aggravated harassment against the mother, Supreme Court credited the father's testimony that he deeply regretted the incident and that his actions were an aberration.
The father and the stepmother share a home, where he has lived for the past three years. The father's mother (hereinafter the grandmother) and her paramour also live in the home. On the weekends, the child shares a bedroom with the nine-year-old daughter of the grandmother's paramour. The father testified that the child and the grandmother have a close relationship. The father and the stepmother each testified that they help the child with homework, prepare meals with the child and ensure that she is properly bathed and clothed. The stepmother stated that she enjoys spending one-on-one time with the child. It is undisputed that the father acquired health insurance for the child — who suffers from various medical conditions — after the mother's insurance lapsed, and that he is primarily responsible for taking the child to medical appointments. The father denied the mother's allegations that he consumes alcohol in the child's presence, and asserted that the child appears upset when returning from the mother's home.
Upon our review of the record, a sound and substantial basis exists to support Supreme Court's determination that the best interests of the child are served by awarding sole custody to the father. Recognizing the child's strong relationship with the mother and her desire to spend time with both parents, as expressed by the attorney for the child, the court appropriately provided frequent and meaningful visitation with the mother on three weekends every month and on alternating weeks during the summer recess (see Matter of Koch v Koch, 121 AD3d 1201, 1202-1203 [2014]; Matter of Hurlburt v Behr, 70 AD3d 1266, 1268-1269 [2010], lv dismissed 15 NY3d 943 [2010]; Matter of Grant v Grant, 47 AD3d at 1028-1030; Matter of Wiedenkeller v Hall, 37 AD3d 1033, 1037 [2007], lv denied 8 NY3d 816 [2007]).
Finally, as to the mother's contention that Supreme Court's determination flowed from bias, the issue is not properly before us as she failed to object to the court's comments that she now challenges or to move for the court's recusal (see Matter of Brandon E. v Kim E., 167 AD3d 1293, 1295 [2018]; Matter of Patrick EE. v Brenda DD., 129 AD3d 1235, 1238 [2015], lv denied 26 NY3d 908 [2015]). In any event, although there were numerous irrelevant and personal comments offered by the court in the course of the hearings, the record nonetheless demonstrates that the court's determination was properly based upon consideration of the appropriate, relevant factors (see Matter of Virginia C. v Donald C., 114 AD3d 1032, 1035 [2014]; Matter of Memole v Memole, 63 AD3d 1324, 1326-1327 [2009]).
Lynch, Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The father did not file a brief on appeal.