Matter of Sabrina B. v Jeffrey B. (2020 NY Slip Op 00339)





Matter of Sabrina B. v Jeffrey B.


2020 NY Slip Op 00339


Decided on January 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 16, 2020

528449

[*1]In the Matter of Sabrina B., Respondent,
v
Jeffrey B., Appellant. (And Another Related Proceeding.)

Calendar Date: December 18, 2019

Before: Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.


Rhoades, Cunningham & McFadden, PLLC, Latham (John R. McFadden of counsel), for appellant.
O'Brien & Wood, PLLC, Albany (Andrew H. Wood of counsel), for respondent.
David A. Burns, Castleton-on-Hudson, attorney for the child.



Egan Jr., J.
Appeal from an order of the Family Court of Rensselaer County (Cholakis, J.), entered April 24, 2018, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of the subject child (born in 2013). The parties' January 2016 judgment of divorce incorporated, but did not merge, a July 2015 stipulation of the parties providing for, among other things, shared joint legal and physical custody of the child. The parties subsequently had numerous disagreements that resulted in judicial intervention and thereafter continued to have difficulty communicating regarding, among other things, the child's medical and educational needs, including the preferred course of treatment for the child following multiple, recurring ear infections and selecting the school district he should attend for kindergarten. As a result, in November 2017, the mother commenced this modification proceeding seeking sole legal and physical custody of the child. In reply, in February 2018, the father filed his own modification petition likewise seeking sole legal and physical custody of the child. Following a fact-finding hearing, Family Court dismissed the father's petition and granted the mother sole legal and physical custody of the child, setting forth a detailed schedule of parenting time for the father, including alternate weekends with the child as well an overnight every Wednesday following school. Family Court's order further provided that, although the mother was awarded sole legal custody of the child and could select the school district that the child would attend for kindergarten, the father would retain unrestricted access to the child's medical, dental, school and other professional records and mandated that the mother solicit and reasonably consider the father's input regarding all major decisions regarding the child's non-emergency health care, education and religious upbringing. The father appeals.
There is no dispute that, given the parties inability to effectively communicate and/or unwillingness to work cooperatively with one another for the good of the child, particularly with regard to important medical and educational decisions, the existing joint custody arrangement was no longer feasible constituting a change in circumstances since entry of the prior custody order warranting Family Court's inquiry into the best interests of the child (see Matter of Ryan XX. v Sarah YY., 175 AD3d 1623, 1624 [2019]; Matter of Jennifer D. v Jeremy E., 172 AD3d 1556, 1557 [2019]; Matter of Andrea C. v David B., 146 AD3d 1104, 1106 [2017]). The relevant inquiry before us, therefore, is "whether Family Court abused its discretion in determining that modification of the [prior] custod[ial] arrangement was in the child's best interests" (see Matter of Dennis F. v Laura G., 177 AD3d 1110, 1111-1112 [2019]).
"In determining the best interests of the child, Family Court must consider factors including the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being" (id. at 1112 [internal quotation marks and citations omitted]). Family Court is granted broad discretion in rendering an appropriate custody and visitation schedule, and its determination will not be disturbed as long as it is supported by a sound and substantial basis in the record (see Matter of Eliza JJ. v Felipe KK., 173 AD3d 1285, 1286 [2019]).
Initially, we find unavailing the father's contention that Family Court abused its discretion by taking judicial notice of prior proceedings between the parties. "It is well settled that a court may take judicial notice of its own prior proceedings and orders and is vested with broad discretion in determining the parameters for proof to be accepted at the hearing" (Matter of Shirley v Shirley, 101 AD3d 1391, 1394 [2012] [internal quotation marks and citations omitted]; see Matter of Erica II. v Jorge JJ., 165 AD3d 1390, 1392 [2018]). Here, Family Court referenced the prior proceedings as it demonstrated the parents' continuing incapability and/or unwillingness to effectively coparent and act in the best interests of their child. Moreover, Family Court's reference to certain allegations of domestic violence against the father and the fact that the mother initially left the parties' former marital household with the child to live in a domestic violence shelter was not only supported by evidence in the record, but was relevant and responsive to the father's repeated attempts to demonstrate that the mother's household lacked stability given that she had moved four times since the parties had separated.
Turning to the issue of best interests, the record demonstrates that both parents have a loving relationship with the child and provide adequate living arrangements at their respective households. The primary concern is the parents continued inability to effectively communicate, a circumstance for which neither parent is without blame.[FN1] In determining which parent was the more appropriate legal custodian, Family Court properly considered the parties' past performance, particularly with regard to the ability to recognize and provide for the child's medical needs. The record demonstrates that the father minimized and/or failed to recognize the severity of the child's ongoing symptoms and recurring ear infections and, although he deferred to the mother to make the child's doctor's appointments, he seemingly did not trust her to make medical decisions that were in the child's best interests.[FN2] For instance, the father was initially unwilling to consent to the mother bringing the child to an ear, nose and throat (hereinafter ENT) specialist, despite the child's recurring ear infections, prompting the mother to bring the child to said appointment without the father's knowledge. After the mother promptly informed the father of the results of the child's visit with the ENT, he was dismissive of the ENT's recommendation that surgical intervention (i.e., an adenoidectomy and, potentially, a tonsillectomy and tubes in the ears) was necessary to alleviate the child's symptoms, first delaying then ultimately cancelling the child's scheduled surgery.[FN3] Following additional consultation with the child's doctors, the father ultimately mandated that the child undergo a sleep test which, when coupled with other delays as a result of ongoing conflicts with the mother, resulted in an approximately five-month delay between when surgical intervention was first recommended in September 2017 and when the actual surgery occurred in February 2018, all to the detriment of the child.[FN4] Moreover, Family Court balanced its grant of sole legal custody to the mother by specifically mandating that the mother solicit and consider the father's input on all medical, educational and religious decisions regarding the child's upbringing and provided him with continued access to the child's records and service providers (see Matter of Thompson v Wood, 156 AD3d 1279, 1282 [2017]). Accordingly, giving deference to Family Court's factual and credibility determinations, we find that a sound and substantial basis exists in the record to support Family Court's grant of sole legal custody of the child to the mother.
With respect to physical custody, although the parents' prior parenting schedule provided them with nearly equal parenting time, the child was due to start attending school on a full-time basis in the fall of 2018 and given the father's work schedule and the fact that the parents lived in different school districts that were a considerable distance from one another, the prior custody arrangement between the parties was no longer feasible (see Ehrenreich v Lynk, 74 AD3d 1387, 1390 [2010]). The father, an Amtrak conductor, indicated that his present work schedule would render him unavailable during the school week on Monday mornings, Tuesday evenings through Wednesday mornings and on Thursdays.[FN5] He also testified that, on occasion while the child was in his care, he was required to work overtime and that his work schedule was subject to further change. On the other hand, the mother, a bartender, had a steady work schedule that would allow her to be home with the child before and after school each day of the school week. Ultimately, Family Court's order provided the father with visitation every other weekend and with a weekday overnight commencing after school on Wednesday through Thursday morning, and holidays and vacations would continue to be shared in conformity with the parties' prior order. Accordingly, to the extent that Family Court's custody and parenting schedule provides weekday stability for the child during the school year that is conducive to the parents' work schedules and continues to provide the father with frequent and meaningful access to the child, we discern no abuse of discretion in Family Court's custody and visitation determination (see Matter of Finkle v Scholl, 140 AD3d 1290, 1292 [2016]).
Garry, P.J., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The father has verbally berated and insulted the mother in front of the child during custodial exchanges, the parties' emails demonstrate the continued anger and hostility that both parents harbor toward one another when it comes to making decisions on behalf of the child and both parties acknowledge that custodial exchanges are highly tense affairs.

Footnote 2: On one occasion in May 2017, following three days in the father's care, the mother picked up the child from the father and discovered that he had pink eye and a double ear infection for which the father had not noticed any symptoms nor sought any medical treatment.

Footnote 3: The father also delayed in obtaining necessary bloodwork for the child, despite having a prescription for same from October 4, 2017 until mid-November 2017.

Footnote 4: Although the father may have had valid questions and concerns regarding the child's diagnosis and treatment, given the child's symptoms and recurring infections, he failed to provide a reasonable justification for the protracted delay.

Footnote 5: The father's home was located approximately 40 minutes from the child's school.