■ In the Matter of LANCE HOLLAND, Respondent, v CHRISTINA KLINGBEIL, Appellant. (And Another Related Proceeding.) [987 NYS2d 648]—

Garry, J. Appeal from an order of the Family Court of Fulton County (Skoda, J.), entered September 18, 2012, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for physical custody of the parties' child.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a son (born in 2008). They separated permanently in August 2011, after which the mother relocated from Fulton County to Albany County. In February 2012, the father commenced a custody proceeding,

and the mother cross-petitioned for custody shortly thereafter. Following a fact-finding hearing, the court granted joint legal custody to the parties and primary physical custody to the father, with visitation to the mother. The mother appeals.

The mother contends that Family Court's decision granting physical custody to the father lacks a sound and substantial basis in the record.* We disagree. An initial custody determination is controlled by the best interests of the child, taking into consideration, among other things, "the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being" (*Matter of Keen v Stephens*, 114 AD3d 1029, 1030 [2014] [internal quotation marks and citation omitted]; *see Matter of McLaughlin v Phillips*, 110 AD3d 1184, 1185 [2013]; *see also Eschbach v Eschbach*, 56 NY2d 167, 171-173 [1982]). In this initial custody determination, strict adherence to the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727 [1996]) is not required; however, a parent's decision to relocate remains a pertinent factor (*see Matter of Ames v Ames*, 97 AD3d 914, 915 [2012], *lv denied* 20 NY3d 852 [2012]; *Malcolm v Jurow-Malcolm*, 63 AD3d 1254, 1255-1256 [2009]).

The parents were the only witnesses to testify at the fact-finding hearing. Since the parents parted, the mother has moved five times, first to four different locations within Fulton County and, finally, to the Village of Ravena in Albany County. Her current home is thus located approximately 67 miles from the home where the parties resided with the child before their separation and in which the father still resides. The mother's current work schedule as a home health aide, consisting of three 12-hour shifts per week, is subject to change depending upon the health of her patient. Conversely, the father resides in the same home he has inhabited for over nine years and has adjusted his work schedule to be more regular and predictable, and to allow more time with his family. The father had also initiated enrollment of the child in a local Head Start program. Only upon learning this, and following commencement of the hearing, did the mother attempt to enroll the child in a similar program near her new home.

The child has older siblings who reside with each parent, from their prior relationships. Other family members of both parents live in Fulton County—with the father's mother living "next door" to his residence—and no other family members

---

* The father did not submit a brief or other written statement. The attorney for the child argues in support of Family Court's order.

reside near the mother's current home. The father's aunt and uncle, residing in Fulton County, often provide day-care services for the child; the mother continues to commute to Fulton County for work, and delivers the child to them. The child also continues to see his pediatrician in Fulton County. The father testified that he supports the mother's involvement in the child's life, encouraging visitation and the development of their relationship; in contrast, the mother testified that the father could see the child "if he wants to come and get him." Reviewing the totality of the circumstances, and according great deference to Family Court's ability to view testimony and assess the credibility of witnesses, we find a sound and substantial basis in the record for awarding the father primary physical custody of the child (*see Matter of Jarren S. v Shaming T.*, 117 AD3d 1109, 1111 [2014]; *Matter of Keen v Stephens*, 114 AD3d at 1030; *compare Matter of Baker v Spurgeon*, 85 AD3d 1494, 1497 [2011], *lv dismissed* 17 NY3d 897 [2011]).

Peters, P.J., Stein, Egan Jr. and Clark, JJ., concur. Ordered that the order is affirmed, without costs.