*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    February 19, 2015               517620
_____

In the Matter of KAYLA Y.,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

PETER Z.,
                    Respondent.

(And Two Other Related Proceedings.)
_____

Calendar Date:   January 13, 2015

Before:   Peters, P.J., Rose, Egan Jr. and Clark, JJ.

_____

        Gerald D. Raymond, Chittenango, for appellant.

        Abbie Goldbas, Utica, for respondent.

        Mark A. Schaeber, Liverpool, attorney for the child.

_____

Rose, J.

        Appeal from an order of the Family Court of Madison County
(McDermott, J.), entered September 24, 2013, which, among other
things, granted respondent's application, in three proceedings
pursuant to Family Ct Act article 6 and/or article 8, for custody
of the parties' child.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the unmarried parents of a daughter
(born in 2008).  The parties separated in 2010 and informally
shared parenting time with the child until the mother was
involved in an alcohol-related domestic violence incident with
her live-in boyfriend in March 2012, after which the father

insisted on supervised visitation. In July 2012, the mother filed a petition for custody and, in August 2012, she absconded with the child from a supervised visitation without the father's knowledge or consent. The father immediately filed a cross petition for custody and obtained an order granting him temporary custody.[1] Family Court issued a second temporary order that retained custody with the father and, among other things, conditioned the mother's visitation on her boyfriend not being present. After a hearing, Family Court concluded that, despite the father's own shortcomings, he offered a more stable environment for the child and would foster the child's relationship with the mother. Family Court awarded the father sole custody with liberal parenting time to the mother. The mother appeals.

"When making an initial custody determination, a court's primary concern is 'the best interest of the child, and what will best promote [the child's] welfare and happiness'" (Matter of Koch v Koch, 121 AD3d 1201, 1201 [2014], quoting Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). Relevant factors include "'the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being'" (Matter of Keen v Stephens, 114 AD3d 1029, 1030 [2014], quoting Matter of Adams v Morris, 111 AD3d 1069, 1069-1070 [2013]; accord Matter of Holland v Klingbeil, 118 AD3d 1077, 1078 [2014]). "We give due deference to Family Court's ability to observe the witnesses and assess their credibility, and we will not disturb its determination if it is supported by a sound and substantial basis in the record" (Matter of Koch v Koch, 121 AD3d at 1202 [citation omitted]; see Matter of Alleyne v Cochran, 119 AD3d 1100, 1101 [2014]; Matter of Jarren S. v Shaming T., 117 AD3d 1109, 1110 [2014]).

---

[1] The mother filed a family offense petition against the father claiming that he was driving erratically through her trailer park while looking for the child. Family Court dismissed the petition, and the mother does not challenge that result on the appeal.

        The father, who is disabled and unemployed, has maintained a stable residence in close proximity to the paternal grandmother, who provides assistance in caring for the child. Family Court credited the father's testimony that he is engaged in the child's education and regularly attends her school activities, while the mother is only sporadically involved. Although the father testified that he uses marihuana for pain, there was no showing that such use had ever endangered the child. And while the father has a history of psychiatric treatment, the evidence established that his condition is stable and his history does not interfere with his ability to care for the child.

        While finding that the father has a stable home, Family Court expressed its concern over the mother's less stable home environment. The mother and her boyfriend testified that the March 2012 domestic violence incident occurred when they were both heavily intoxicated, to the extent that they could not remember the details of how the mother ended up with a severe black eye. The mother also did not offer any plan to separate from the boyfriend if she were to be granted custody, despite the fact that the temporary order in effect at the time of trial did not allow the child to be in his presence.

        Although the mother contends that the father will not foster the child's relationship with her based on his prior conduct in unilaterally limiting her visitation after the domestic violence incident instead of filing a petition for custody, Family Court credited his testimony that he did not file a petition in deference to the maternal grandmother's request that he not do so in order to avoid further emotional turmoil for the mother. In contrast, the evidence established that the mother surreptitiously took the child from the father's custody and, on another occasion, deprived the father of an opportunity to take the child to a school event for fathers and daughters because it occurred during her parenting time, despite the fact that the father had previously allowed the mother to take the child to a similar event for mothers that occurred while he had the child. Based on these circumstances, and according deference to Family Court's credibility determinations, the record provides a sound and substantial basis for the award of custody to the father, and that determination will not be disturbed (see Matter

of Koch v Koch, 121 AD3d at 1203; Matter of Jarren S. v Shaming T., 117 AD3d at 1111; Matter of Raynore v Raynore, 92 AD3d 1167, 1168-1169 [2012]).

Peters, P.J., Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court