## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  April 30, 2015                517911
_____

In the Matter of DANIEL TT.,
                    Respondent,

        v
                                        MEMORANDUM AND ORDER

DIANA TT.,
                    Appellant.

(And Two Other Related Proceedings.)
_____

Calendar Date:  March 26, 2015

Before:  Peters, P.J., Lahtinen, Rose and Devine, JJ.

_____

        Ted J. Stein, Woodstock, for appellant.

        Betty J. Potenza, Highland, attorney for the children.

_____

Peters, P.J.

        Appeal from an order of the Family Court of Ulster County
(Maney, J.), entered October 2, 2013, which, among other things,
partially granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, for custody of the parties'
children.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of two sons (born in
2006 and 2008).  In December 2011, the mother traveled to Florida
with the children without the father's consent and in violation
of a court order prohibiting her from removing the children from
the state.  The father immediately petitioned for custody and was
awarded temporary legal and physical custody of the children in
January 2012.  Thereafter, he commenced several proceedings

seeking modification of the visitation provisions of the temporary order and alleging that the mother had committed various family offenses.  Following a fact-finding hearing, Family Court granted the parties joint legal custody of the children, with primary physical custody to the father and parenting time to the mother.  The mother appeals.

"An initial custody determination is controlled by the best interests of the child[ren], taking into consideration such factors as the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child[ren] and the other parent, as well as their ability to maintain a stable home environment and provide for the child[ren]'s overall well-being" (Matter of Jarren S. v Shaming T., 117 AD3d 1109, 1110 [2014] [internal quotation marks and citations omitted]; see Matter of Benjamin v Lemasters, 125 AD3d 1144, 1145 [2015]; Matter of Brown v Akatsu, 125 AD3d 1163, 1164 [2015]).  We accord great deference to Family Court's factual findings and credibility determinations given its superior position to observe and assess the witnesses' testimony and demeanor firsthand, and will not disturb its custodial determination if supported by a sound and substantial basis in the record (see Matter of Kayla Y. v Peter Z., 125 AD3d 1126, 1127 [2015]; Matter of Alleyne v Cochran, 119 AD3d 1100, 1101 [2014]; Matter of DiMele v Hosie, 118 AD3d 1176, 1177 [2014]).

The record amply supports Family Court's determination that the best interests of the children will be served by granting physical custody to the father.  While the mother has been the primary caregiver for most of the children's lives, evidence concerning her behavior seriously called into question her parental judgment and fitness.  Testimony was presented that the mother shoplifted while the children were in her care and, at times, used them to aid her in those endeavors.  When she was caught shoplifting from a department store in September 2011, the mother declined the opportunity to call someone to pick up the children, choosing instead to expose them to her arrest.  The mother engaged in additional criminal conduct that led to a number of arrests and several convictions in the months preceding the hearing, and, as previously mentioned, she disobeyed a court order prohibiting her from removing the children from the state.

In his testimony, the father explained that the mother regularly screamed at the children when they misbehaved and described several angry outbursts by the mother in their presence. After the father was awarded temporary custody, the mother engaged in various hostilities against him and directed a number of accusations at him, including making an unfounded report to child protective services that, among other things, he and the paternal grandfather had physically and sexually abused the children. Family Court was also concerned about the mother's ability to financially provide for the children, noting that she was unemployed and remained financially dependent upon her parents, with whom she resides.

The father, on the other hand, has maintained steady employment and provides a stable environment for the children in the home where they have lived since birth. Further, his parents live nearby and care for the children while he is working and the children are not in school. While the father is not without his own shortcomings, Family Court fully considered the father's prior prescription drug dependency and other lapses in judgment in the course of assessing the parties' respective strengths and weaknesses, past performance and ability to provide for the children's overall well-being. Considering the totality of the circumstances and according due deference to Family Court's determination that the father's testimony was more credible (see Matter of Joseph WW. v Michelle WW., 118 AD3d 1054, 1057 [2014]; Matter of Mahoney v Regan, 100 AD3d 1237, 1238 [2012], lv denied 20 NY3d 859 [2013]), we find a sound and substantial basis for the court's conclusion that an award of physical custody to the father is in the children's best interests.[1]

Lahtinen, Rose and Devine, JJ., concur.

---

[1] Although by no means determinative, we note that this conclusion is in accord with the position advanced by the attorney for the children both at the hearing and on appeal (see Matter of Lawrence v Kowatch, 119 AD3d 1004, 1006 n 2 [2014]; Matter of Robert AA. v Colleen BB., 101 AD3d 1396, 1399 n 2 [2012], lv denied 20 NY3d 860 [2013]).

ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court