*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 18, 2016                    519919
_____

In the Matter of CHRISTOPHER
    LAWTON,
                    Respondent,

        v
                                        MEMORANDUM AND ORDER

CHRISTINA LAWTON,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  January 12, 2016

Before:  Peters, P.J., McCarthy, Rose and Lynch, JJ.

                    _____


        Thomas F. Garner, Middleburgh, for appellant.

        John C. Iseman, Quaker Street, attorney for the children.

                    _____


Lynch, J.

        Appeal from an order of the Family Court of Schoharie
County (Bartlett III, J.), entered October 8, 2014, which, among
other things, partially granted petitioner's application, in a
proceeding pursuant to Family Ct Act article 6, for custody of
the parties' children.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of two children (born in
2005 and 2006).  Although married, they have been separated since
2011.  In accordance with a verbal agreement, the mother had
primary physical custody of the children and the father had
parenting time with them every other weekend.  In March 2013, the
Schoharie County Department of Social Services (hereinafter DSS)

filed a neglect petition against the mother for allowing her 16-year-old daughter — who is unrelated to the father — to have sex with the 22-year-old son of the mother's boyfriend. In November 2013, the mother consented to a fact-finding order wherein the 16-year-old child and the children were adjudicated as neglected. Despite the adjudication, the custodial arrangement between the parties continued. In March 2014, the father filed a temporary emergency custody petition based on his claim that the mother was unemployed and living in a hotel with the children. In April 2014, DSS filed a second neglect petition against the mother for allowing another daughter — a 15 year old also unrelated to the father — to spend weekends overnight and engage in a sexual relationship with that daughter's 16-year-old boyfriend. After a number of appearances and after the mother filed a petition seeking custody, a fact-finding hearing began in July 2014. After hearing testimony from the father, his fiancée and the mother and after a Lincoln hearing, Family Court granted joint legal custody to the parties, primary physical custody to the father and parenting time to the mother every weekend and on Wednesdays after school. The mother now appeals.

The focus in an initial custody determination is the best interests of the children, which involves consideration of factors including "the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child[ren] and the other parent, as well as their ability to maintain a stable home environment and provide for the child[ren]'s overall well-being" (Matter of Adams v Morris, 111 AD3d 1069, 1069-1070 [2013]; accord Matter of Daniel TT. v Diana TT., 127 AD3d 1514, 1514-1515 [2015]; Matter of Jarren S. v Shaming T., 117 AD3d 1109, 1110 [2014]). The children's wishes should be considered but are not dispositive (see Rumpff v Schorpp, 133 AD3d 1109, 1113 [2015]; Matter of Rivera v LaSalle, 84 AD3d 1436, 1438 [2011]). Because Family Court has the best ability to assess the witnesses' demeanor and credibility, we will not disturb a custody determination unless it lacks a sound and substantial basis in the record (see Matter of Daniel TT. v Diana TT., 127 AD3d at 1515; Matter of Kayla Y. v Peter Z., 125 AD3d 1126, 1127 [2015]).

Here, as Family Court noted, the mother had been the children's primary caregiver, but the father had taken on a more active role since the neglect adjudication. Further, the record indicates that, although the mother had found a job and an apartment by the time of the fact-finding hearing, she was unemployed and living with the children in a hotel when the father filed his petition. By comparison, the father testified that he had been working at the same job for nearly six years and had been living in the same apartment with his fiancée for nearly two years. He testified that the children were sharing a room, but that he was looking into purchasing a home to provide more space for the children and the 10-month-old child that he had with his fiancée.

We are not persuaded by the mother's argument, joined by the attorney for the children, that Family Court placed too much emphasis on the neglect adjudication. The incident underlying the neglect adjudication reflected a serious lack of judgment — a point that the mother conceded and was continuing to work to address (see Matter of Rosetta BB. v Joseph DD., 125 AD3d 1205, 1206 [2015]). Based on the record, we agree with the court's view that it was faced with the dilemma of "choosing between two less than perfect household situations." In such a case, it is particularly important to defer to the court's determination (see Matter of Windom v Pemberton, 119 AD3d 999, 999 [2014]). Based on the record as a whole, we conclude that Family Court's determination to award primary physical custody to the father — without prejudice to the mother's application for a modification upon the termination of the second neglect proceeding — has sound and substantial support in the record.

Peters, P.J., McCarthy and Rose, JJ., concur.

ORDERED that the order is affirmed, without costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court