*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 5, 2016                520052
_____

In the Matter of CHAD L. EDICK,
                    Respondent,

        v

JACQUELINE M. GAGNON,                    MEMORANDUM AND ORDER
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  March 24, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

        Jeffrey A. Aumell, Canastota, for appellant.

        Paul H. Hadley, Waterville, for respondent.

        William L. Koslosky, Utica, attorney for the child.

_____

McCarthy, J.P.

        Appeal from an order of the Family Court of Madison County
(DiStefano, J.), entered September 26, 2014, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, for custody of the parties'
child.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a child (born in
2011).  In April 2012, the father filed a petition seeking
custody of the child, who was living with the mother at that
time.  In June 2012, the mother also filed a petition seeking
custody of the child.  Eventually, Family Court ordered temporary

joint legal custody, with primary physical custody to the father, and visitation to the mother of two consecutive weekends for every weekend that the child spent with the father. After a hearing, Family Court granted joint legal custody to the parties, with primary physical custody to the father and provided the mother with visitation during alternate weekends. The mother appeals.

At trial, proof was introduced that the mother's home was messy to the point of being unsanitary. A social services caseworker testified to visiting the home and finding the child with food stains on his face and wearing a diaper saturated with urine and feces. According to the caseworker, the mother explained that the brown and orange stains that were on the child's bedding were the result of the child finding a can in the garbage and cutting himself on it. Another witness, who knew the mother, noticed that the mother used "very unclean" bottles to feed the child formula that "obviously[] had gone bad." The same witness testified to the mother's references to the child as "whine-ass" and explained that the mother made her boyfriend a priority over the child. The mother, during her testimony, admitted that the home was very dirty during this time and explained that it was due to her stress regarding a breakup with her boyfriend. The mother acknowledged that she was unemployed. Multiple witnesses agreed that the mother had attempted to make the father pay her $500 as a condition to visiting the child.

The father, who was employed by the military, testified that, after receiving temporary physical custody of the child, he ensured that the child had received his needed shots, therapy for speech and language and therapy for issues with aggression. He further explained that he has voluntarily taken parenting classes at his military base. According to the father, the child no longer receives speech therapy because the child is no longer developmentally delayed. The father's wife testified that, within the first three weeks of the father receiving temporary custody of the child, the child gained 3½ pounds.

Considering the evidence of the greater stability in the father's home and the evidence of the child's improvements in health and development once he began residing there, and

deferring to Family Court's credibility determinations, we find a sound and substantial basis for the court's conclusion that the child's best interests were served by awarding physical custody to the father and by awarding the mother visitation during alternate weekends (see Matter of Daniel TT. v Diana TT., 127 AD3d 1514, 1516 [2015]; Matter of Kayla Y. v Peter Z., 125 AD3d 1126, 1127 [2015]).[1]  Further, assuming that the mother is correct in her contention that photographs depicting the state of her home were erroneously introduced into evidence, we find such errors to be harmless.  The photographs only confirmed what the mother had already testified to — that her home was very unclean (see Matter of Jolynn W. v Vincent X., 85 AD3d 1217, 1217 n 1 [2011], lv denied 17 NY3d 713 [2011]; Matter of Nicole VV., 296 AD2d 608, 613 [2002], lv denied 98 NY2d 616 [2002]).  Finally, contrary to the mother's contention, the fact that a child protective services report is unfounded and therefore inadmissible (see Family Ct Act § 651-a) does not render inadmissible competent evidence related to the incidents underlying that investigation.  The mother's remaining contentions are without merit.

Egan Jr., Rose, Devine and Clark, JJ., concur.

---

[1]  The mother incorrectly contends that Family Court was required to determine whether there had been a change in circumstances.  The court is not required to engage in such an analysis when it has not yet made an initial custody and visitation determination (see Matter of Williams v Dowgiallo, 90 AD3d 942, 942-943 [2011]; Matter of Quinones v Gonzalez, 79 AD3d 893, 894 [2010]).

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court