*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 14, 2016                    521738
_____

In the Matter of AMY BASDEN,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

BARON FAISON SR.,
                    Appellant.
_____

Calendar Date:  May 26, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

                    _____

        Betty J. Potenza, Highland, for appellant.

        Theodore J. Stein, Woodstock, for respondent.

        Claudia S. Davenport, Kingston, attorney for the child.

                    _____

Lynch, J.

        Appeal from an order of the Family Court of Ulster County
(Savona, J.), entered August 5, 2015, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article 6,
for custody of the parties' child.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the unmarried parents of one child
(born in 2011).  The parties lived together for a short time
following the child's birth but have lived separately since
February 2012.  In September 2014, the mother petitioned Family
Court for custody of the child.  After a fact-finding hearing,
Family Court granted joint legal custody of the child to the
parties, primary physical custody to the mother and parenting
time to the father during alternate weekends and every Tuesday

through Thursday morning.   The father now appeals.

When making an initial custody determination, the court must focus on the best interests of the child, "which involves consideration of factors including 'the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child[] and the other parent, as well as their ability to maintain a stable home environment and provide for the child['s] overall well-being'" (Matter of Lawton v Lawton, 136 AD3d 1168, 1169 [2016], quoting Matter of Adams v Morris, 111 AD3d 1069, 1069-1070 [2013]).   Typically, this Court defers to Family Court's factual findings and credibility assessments, and we will only disturb a custody determination if it lacks a sound and substantial basis in the record (see Matter of Lawton v Lawton, 136 AD3d at 1169; Matter of Daniel TT. v Diana TT., 127 AD3d 1514, 1515 [2015]).

Here, the mother testified that she lived with her grandmother, 15-year-old daughter and the child.   The father resided with the child and his son who was in kindergarten.   The child had her own room at the father's house and shared a room with her mother and half sister at the mother's house.   The mother was unemployed at the time of the fact-finding hearing but had been working regularly since the child's birth.   The father had not been employed for some time due to an unspecified disability.   Both parties were in receipt of some public assistance and the mother regularly gave the father money to help pay for his living expenses.

The mother testified that her 15-year-old daughter was close with the child, was able to help watch her and spent time helping her learn shapes and colors.   She testified that, although the father did care for the child overnight when she worked, she had always been the child's primary caregiver.   The mother's primary concern was that she had observed the father's son be physically aggressive with the child and the father was not willing to acknowledge or address the issue.   The father testified that he had cared for the child while the mother was working.   He submitted photographs as evidence of the child's close relationship with her older half brother and denied that there was ever any conflict between them.   He did testify that

the older boy had been abused by an older sibling, that he suffered from anxiety and that he had undergone an evaluation. Although the results of the evaluation were not submitted, Family Court specifically credited the mother's testimony with regard to the older boy's behavior towards the child.

The record indicates that although both parents have certain strengths and weaknesses, they are well-intentioned and generally able to care for the child.  Prior to making its determination, Family Court concluded that the mother had "strong familial support" and noted the mother's comparatively steady employment history and role as the child's primary caregiver. Upon our review of the record as a whole and giving the requisite deference to Family Court's credibility assessments, we find that its custody determination and award of parenting time is supported by a sound and substantial basis in the record (see Matter of Lawton v Lawton, 136 AD3d at 1169-1170; Matter of William BB. v Melissa CC., 136 AD3d 1164, 1167 [2016]).

Lahtinen, J.P., Rose, Clark and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court