## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 20, 2016                521648

_____

In the Matter of JOSEPH A.,
                    Respondent,

    v                                    MEMORANDUM AND ORDER

GINA ZZ.,
                    Appellant.

_____

Calendar Date:  September 14, 2016

Before:  McCarthy, J.P., Lynch, Rose, Devine and Mulvey, JJ.

_____

    Theodore J. Stein, Woodstock, for appellant.

    Paul L. Gruner, Kingston, for respondent.

    Marian B. Cocose, Bearsville, attorney for the children.

_____

Devine, J.

    Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered July 17, 2015, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.

    Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2008 and 2010).  The mother and the father filed petitions in 2014 seeking, as is relevant here, custody of the children. Family Court issued several temporary orders that awarded joint legal custody of the children and specified parenting time to each parent.

The matters eventually proceeded to a fact-finding hearing and, after the mother failed to appear at a continuation of that hearing despite knowing that her last-minute request to adjourn it had been denied and that her testimony had not yet been completed, Family Court struck her testimony in full and dismissed her custody petition.[1]  Family Court heard the remainder of the testimony and conducted a Lincoln hearing that day, after which it rendered a bench decision awarding the father sole legal and primary physical custody of the children and specified parenting time to the mother.  The mother appeals from the ensuing custody order.

We affirm.  An initial custody determination focuses upon the best interests of the children, implicating factors such as the past performance and relative fitness of the parents, their willingness to encourage a positive relationship between the children and the other parent, and their ability not only to establish a stable home environment, but also to provide for the overall well-being of the children (see Matter of Basden v Faison, 141 AD3d 910, 910-911 [2016]; Matter of Lawton v Lawton, 136 AD3d 1168, 1168-1169 [2016]).  This Court accords due deference to the factual findings and credibility assessments of Family Court, and we will only disturb a custody determination if it is unsupported by a sound and substantial basis in the record (see Matter of Basden v Faison, 141 AD3d at 911; Matter of Lawton v Lawton, 136 AD3d at 1169).

Family Court found the testimony of the father and paternal grandmother to be credible, and additionally noted that the mother's testimony would not have been credited had it been considered.  The father afforded a stable environment for the children at the home they have resided in for most of their lives, providing for them with a steady job that he has held for almost a decade.  The mother has accused the father of abusing her and the children and being a habitual user of illegal drugs, but the father denied all of those claims.  His denials were

---

[1]  An amended custody petition filed by the mother had previously been withdrawn, and she did not appeal from the order dismissing her original custody petition upon her nonappearance.

supported by the fact that numerous child protective reports have been made regarding his behavior, all of which were investigated and deemed to be unfounded.  The mother, in contrast, has displayed questionable judgment by acting to limit the father's contact with the children, behaving aggressively toward the paternal grandmother during custody exchanges and failing to consistently transport the parties' daughter to school on time. The father has attempted to communicate with the mother regarding the children despite her hostility towards him, only to have those efforts rebuffed.  Thus, upon reviewing the record in its totality, including a custodial evaluation prepared by a psychologist and the confidential statements of the children, we find a sound and substantial basis to support the order of custody and parenting time (see Matter of Basden v Faison, 141 AD3d at 911-912; Matter of Daniel TT. v Diana TT., 127 AD3d 1514, 1515-1516 [2015]; Matter of Jarren S. v Shaming T., 117 AD3d 1109, 1110-1111 [2014]).

Lastly, to the extent that the mother contends that Family Court was biased against her, we have examined that claim and found it to be unavailing.

McCarthy, J.P., Lynch, Rose and Mulvey, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court