McCarthy, J.
Appeal from an order of the Family Court of Franklin County (Champagne, J.), entered June 10, 2015, which, among other things, dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties’ child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a daughter (born in 2011). The parties resided together for approximately two years following the child’s birth before separating. In July 2014, the mother commenced the first of the present proceedings seeking custody of the child. The father petitioned for custody of the child shortly thereafter. During the course of the proceedings, Family Court temporarily awarded joint custody of the child to the parties. At the time of the hearing, the parties lived at a great distance from one another; the father resided in the Town of Neversink, Sullivan County, and the mother resided in the Town of Malone, Franklin County. Following a hearing, Family Court awarded sole legal and primary physical custody of the child to the father and granted the mother visitation during holidays and school vacations. The mother appeals, and we affirm.
“When making an initial custody determination, the court must focus on the best interests of the child, which involves consideration of factors including the parents’ past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as *1426 their ability to maintain a stable home environment and provide for the child’s overall well-being” (Matter of Basden v Faison, 141 AD3d 910, 910-911 [2016] [internal quotation marks, brackets and citations omitted]; see Matter of Greenough v Imrie, 140 AD3d 1365, 1365 [2016]). This Court accords great deference to Family Court’s credibility assessments, and we “will not disturb its determination if supported by a sound and substantial basis in the record” (Matter of Jarren S. v Shaming T., 117 AD3d 1109, 1110 [2014]).
The evidence introduced established that the father is more able to provide a stable home environment for the child. As an example, three witnesses who had treated the child for speech disabilities testified to the negative impacts on that therapy due to the mother’s multiple relocations after separating from the father. In contrast, the father has remained in the same home since his separation with the mother, in which the child has her own bedroom. Otherwise, the record contains evidence that the mother has taken actions that have hindered the father’s visitation with the child, while the father has not made any similar efforts to thwart the mother’s relationship with the child. Further, while evidence was introduced establishing that the father had anger management issues, additional evidence was introduced establishing the father’s progress in addressing such issues through counseling. Moreover, evidence was introduced suggesting that the father did not lose his temper with the child. As to the parties’ relationship and ability to communicate, Family Court credited the description of the father’s aunt that the father and mother had a “volatile” relationship in which both parties knew “how to push each other’s buttons.”
Based on the foregoing, and according deference to Family Court’s credibility determinations, Family Court’s decision to award sole legal custody and primary physical custody of the child to the father is supported by a sound and substantial basis in the record. Particularly, while both parties have room for improvement, the father is more able to provide a stable home environment for the child and is more willing than the mother to foster a relationship between the child and the other parent (see Matter of Basden v Faison, 141 AD3d at 911-912; Matter of Finkle v Scholl, 140 AD3d 1290, 1292 [2016]). Moreover, an award of joint legal custody was not appropriate given the demonstrated inability of the parties to successfully communicate (see Matter of Jarren S. v Shaming T., 117 AD3d at 1111; Matter of Tamara FF. v John FF., 75 AD3d 688, 688-689 [2010]). Accordingly, we find no reason to disturb the court’s determination.
*1427 Peters, P.J., Lynch, Rose and Mulvey, JJ., concur.
Ordered that the order is affirmed, without costs.