*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 12, 2017                    521939
_____

In the Matter of RITA DEVONE
     MANELL,
                         Respondent,

        v
                                        MEMORANDUM AND ORDER

TIMOTHY MANELL,
                         Appellant.

(And Another Related Proceeding.)
_____


Calendar Date:   November 17, 2016

Before:   Peters, P.J., Garry, Devine, Mulvey and Aarons, JJ.


                    _____


        John Ferrara, Monticello, for appellant.

        Jane M. Bloom, Monticello, for respondent.

        Bruce Perlmutter, Woodridge, attorney for the child.


                    _____


Garry, J.

        Appeal from an order of the Family Court of Sullivan County
(Meddaugh, J.), entered August 13, 2015, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, for custody of the parties'
child.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of a son (born in 2002).
The parties married in 2002 and resided together until 2014, when
the father vacated the marital residence, where the mother
continues to reside.  After the parties' separation, the mother

commenced a Family Ct Act article 6 proceeding seeking custody of the child, and the father subsequently commenced a proceeding seeking the same relief.  Following Lincoln and fact-finding hearings, Family Court awarded the parties joint physical and legal custody, with weekday physical custody to the mother, shared holidays and vacations and weekend parenting time for the father for two out of every three weekends, together with further weekdays as the parties agree.  The father appeals.

The focus in making an initial custody determination is on the best interests of the child, involving the consideration of such factors as "'the parents' relative fitness, past performance and ability to provide a stable home environment for the child, as well as each parent's willingness to foster the child's relationship with the other parent'" (Matter of Greenough v Imrie, 140 AD3d 1365, 1365 [2016], quoting Matter of Brown v Akatsu, 125 AD3d 1163, 1164 [2015]).  Recognizing Family Court's "superior position to assess witness credibility and make findings of fact," this Court will not disturb a decision that is supported by a sound and substantial basis in the record (Matter of Southammavong v Sisen, 141 AD3d 905, 906 [2016]; see Matter of Lawton v Lawton, 136 AD3d 1168, 1169 [2016]).

The father asserts that the child wishes to live primarily with him and have weekend parenting time with the mother.  The attorney for the child concurs with the father's position, and further argues that, significantly, the child's wishes have not changed in the period since the trial determination.  Although the child's desires are considered as part of the best interests analysis, they are "but one factor to be considered . . . [and] should not be considered determinative," and "the potential for influence having been exerted on the child" must also be considered (Eschbach v Eschbach, 56 NY2d 167, 173 [1982]; see Matter of Benjamin v Lemasters, 125 AD3d 1144, 1147 [2015]).  Here, we note that the father's testimony reveals that he spoke to the child on at least four separate occasions regarding with whom he wanted to live.  Contrary to the father's argument, we find that Family Court's decision reveals that it considered the child's wishes as part of its best interests analysis, although the request was not granted (see Matter of Rivera v LaSalle, 84 AD3d 1436, 1438 [2011]; Matter of Rutland v O'Brien, 143 AD3d

1060, 1062 [2016]).

Family Court found both parties to be fit and loving parents who are able to provide stable homes and cooperate regarding visitation and the child's needs and activities. The teenage child resides with the mother in his childhood home and continues to attend the same school that he has attended since pre-kindergarten. The child has regular contact with certain members of the mother's family who are her immediate neighbors. The father resides with the child's paternal grandparents, who have indicated that the father and the child may live at their residence as long as is necessary. The mother works part time and provides for someone else to be present for the child when necessary. The father works full time, but does not work on the weekends during his parenting time, and the child's grandparents are otherwise available to watch the child. Assistance with schoolwork and facilitation of the child's extracurricular activities are provided by both parents.

Family Court acknowledged the mother's history of alcoholism and found the mother's undisputed sobriety since November 2012 to be a laudable achievement. Regarding the mother's allegations of domestic violence, the court credited certain testimony by the father in concluding that the incidents did not result in any basis for finding him unfit for providing adequate moral guidance, and further found that these incidents had occurred solely in the past, prior to the parties' separation. In the absence of further altercations after the parties' separation, the record supports the finding that these incidents do not currently affect the best interests of the child.

Family Court found, and the record supports, that "the best interests of [the] child[] are served by a continuing relationship with both parents" (Matter of Bennett v Bennett, 208 AD2d 1042, 1042 [1994]; see Weiss v Weiss, 52 NY2d 170, 175 [1981]). In rendering the determination, the court specifically found that the mother has been "extremely cooperative" with the father, and "has not refused any requests for him to spend additional time with" the child. The testimony of both parties indicates that the mother has been the child's primary caretaker,

whereas the father frequently participates in hunting and other outdoor activities with the child — activities which Family Court found to be an "integral part of [the child's] identity." The mother testified that she only occasionally participates in outdoor activities with the child. In light of the parties' distinct roles in their child's life, we cannot find that the determination failed to balance the time shared with the two parents in an appropriate manner. Family Court's order acknowledged the child's history of outdoor activities with the father, while also recognizing a need to "ensure that the mother's relationship with the child will be promoted and preserved." Under these circumstances, we find the award of primary weekday custody to the mother with substantial weekend parenting time to the father to be supported by a sound and substantial basis in the record, and we will not disturb it (see Matter of Lawton v Lawton, 136 AD3d at 1169; Matter of Holland v Klingbeil, 118 AD3d 1077, 1079 [2014]; Matter of Gordon v Richards, 103 AD3d 929, 931 [2013]).[1]

Peters, P.J., Devine, Mulvey and Aarons, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court


---

[1] At oral argument, the father withdrew his further contention that the child's statements in the Lincoln hearing should be given evidentiary value (see Matter of Heasley v Morse, 144 AD3d 1405, 1408 [2016]; Matter of Christine TT. v Dino UU., 143 AD3d 1065, 1068 [2016]).