Matter of Davis v Church (2018 NY Slip Op 04055)





Matter of Davis v Church


2018 NY Slip Op 04055


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

525152

[*1]In the Matter of MAGGIE A. DAVIS, Appellant,
v
DANIEL E. CHURCH II, Respondent. (Proceeding No. 1.)
In the Matter of DANIEL E. CHURCH II, Respondent,
v
MAGGIE A. DAVIS, Appellant. (Proceeding No. 2.)

Calendar Date: May 2, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Sandra M. Colatosti, Albany, for appellant.
Steven G. Natoli, Norwich, attorney for the children.


Clark, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Chenango County (Revoir Jr., J.), entered May 11, 2017, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for custody of the parties' children.
Maggie A. Davis (hereinafter the mother) and Daniel E. Church II (hereinafter the father) are the unmarried parents of two boys (born in 2011 and 2012). In January 2015, the father began a one-year security contract in Afghanistan and, within weeks of his assignment, the parties ended their relationship. The mother then moved with the children to New Jersey. However, in May 2015, the mother moved to Massachusetts to manage a horse barn and the [*2]children returned to Chenango County to live with the father, who had returned from Afghanistan early. The children thereafter lived primarily with the father, and the mother had parenting time with the children pursuant to informal arrangements between the parties, which varied to accommodate the mother's changing living situations and employment.
In September 2016, the mother filed a petition seeking custody of the children, and the father cross-petitioned for similar relief. During the pendency of these proceedings, the parties shared physical custody of the children pursuant to temporary custody orders. Following a fact-finding hearing, Family Court granted the mother and the father joint legal custody, with primary physical custody to the father and parenting time to the mother. Specifically, the court directed that the mother have parenting time with the children during the school year on alternate weekends from Thursday after school until Tuesday morning and on alternating weeks during the children's summer break. The court further directed that the mother and the father share the Thanksgiving, Christmas and Easter holidays, with the specific times and arrangements to be worked out by the parties. The mother now appeals, primarily arguing that Family Court should have granted her request for shared physical custody of the children, instead of awarding the father primary physical custody.
When presented with an initial custody determination, Family Court's primary consideration is the best interests of the children, which requires an examination of "such factors as each parent's relative fitness and past performance, ability to provide for the children's well-being and furnish a stable home environment, and willingness to foster relationships with the other parent" (Matter of McLaughlin v Phillips, 110 AD3d 1184, 1185 [2013]; see Matter of Smithey v McAbier, 144 AD3d 1425, 1425-1426 [2016]; Matter of Kayla Y. v Peter Z., 125 AD3d 1126, 1127 [2015]). Given that Family Court is in a superior position to evaluate testimony and assess witness credibility, we accord great deference to Family Court's custody determinations, and we will not disturb such a determination if it is supported by a sound and substantial basis in the record (see Matter of Teri v Elliott, 122 AD3d 1092, 1093 [2014]; Matter of Torkildsen v Torkildsen, 72 AD3d 1405, 1406 [2010]).
Although it is clear that both the mother and the father love the children deeply and have each developed close bonds with them, a sound and substantial basis exists in the record to support Family Court's determination that the father is the more stable parent. As established by the evidence, the father had been the children's primary caretaker since May 2015 and had consistently provided for the children's educational, medical and day-to-day needs. In contrast, the record revealed that, since the parties ended their relationship, the mother had changed jobs and residences frequently and that some of these changes, including her decision to move to Massachusetts, had negatively affected her ability to exercise parenting time with the children. The evidence further demonstrated that the mother had not taken an active and consistent role in the children's routine medical care or the older child's education since before May 2015. Accordingly, Family Court's determination to award the father primary physical custody is supported by a sound and substantial basis in the record (see Matter of Driscoll v Oursler, 146 AD3d 1179, 1182 [2017]; Matter of Smithey v McAbier, 144 AD3d at 1426; Matter of Holland v Klingbeil, 118 AD3d 1077, 1078-1079 [2014]). Furthermore, on this record, we discern no basis upon which to disturb the parenting time schedule fashioned by Family Court in the best interests of the children (see Matter of LaBaff v Dennis, 160 AD3d 1096, 1097-1098 [2018]; Matter of Williams v Williams, 151 AD3d 1307, 1309 [2017]).
Egan Jr., J.P., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.