Matter of Amanda YY. v Ramon ZZ. (2018 NY Slip Op 08720)





Matter of Amanda YY. v Ramon ZZ.


2018 NY Slip Op 08720


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

525426

[*1]In the Matter of AMANDA YY., Respondent,
v
RAMON ZZ., Appellant.

Calendar Date: November 15, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Rufus E. Burgess, Jacksonville, for appellant.
Jackson Bergman, LLP, Binghamton (Dhyana M. Estephan of counsel), for respondent.
Michael A. Somma, Vestal, attorney for the child.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered July 3, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of one child (born in 2013). The mother commenced this proceeding seeking sole legal custody and primary physical placement of the child. After a fact-finding hearing, Family Court granted the mother's petition and, among other things, awarded her sole legal custody and placement of the child, with reasonable parenting time to the father. The father appeals, and we affirm.
Family Court's primary consideration in an initial custody determination is the best interests of the child, which requires an analysis of "such factors as each parent's relative fitness and past performance, ability to provide for the child['s] well-being and furnish a stable home environment, and willingness to foster relationships with the other parent" (Matter of McLaughlin v Phillips, 110 AD3d 1184, 1185 [2013]; see Matter of Smithey v McAbier, 144 AD3d 1425, 1425—1426 [2016]; Matter of Kayla Y. v Peter Z., 125 AD3d 1126, 1127 [2015]). "Given that Family Court is in a superior position to evaluate testimony and assess witness credibility, we accord great deference to Family Court's custody determinations, and we will not disturb such a determination if it is supported by a sound and substantial basis in the record" (Matter of Davis v Church, 162 AD3d 1160, 1161 [2018] [citations omitted], lvs denied 32 NY3d 905, 906 [2018]).
The testimony at the fact-finding hearing established that the father moved in May 2016 from the City of Binghamton, Broome County — where the mother and the child live — to the City of Syracuse, Onondaga County, approximately one year prior to the commencement of the hearing. Since his relocation, the mother has been the sole caregiver of the child, who has a serious medical [*2]condition that requires numerous medications that must be administered daily. The father testified that he and the mother have a strained relationship due to their lack of communication since he moved. Since relocating, the father has exercised minimal visitation based upon what he perceives as financial limitations. The mother stressed her safety concerns pertaining to his parenting abilities, including his failure to always remember to administer the child's medicine, which the father conceded was true. The testimony also revealed that the father currently lives with five strangers and that he planned on his visitations occurring at a shopping mall or other public place because he was reluctant to take the child to his Syracuse residence. The father expressed that he wished to see the child about twice a month for a duration of five hours per visit, one of these visits would be in Syracuse, the transportation to which would be up to the mother, and the other visit would occur in Binghamton.
The testimony at the fact-finding hearing further established that the mother and the child live in a single two-bedroom house together, in stark contrast to the father's living arrangement. The record also reveals that, even prior to the father's relocation, the mother was the primary caregiver for the child. The mother testified that the child attends preschool, which she pays for on her own. She testified at length about the child's medical needs, including medications that need to be administered daily, some even multiple times a day. The mother explained that she scheduled and attended all of the child's medical and dental appointments, unlike the father who had attended very few. The mother expressed that she was now seeking sole custody due to her responsibility in making prompt medical decisions concerning the child, especially in light of the fact that she and the father have inconsistent communication.
At the conclusion of the hearing, Family Court credited the mother's testimony, reasoning that the father appeared indifferent about the entire proceeding and had not thoughtfully considered the logistics of coordinating his visitation arrangements with the child. Underscoring the child's special medical needs, the court ordered that, even though the mother was being awarded custody, the father is to have reasonable access to the child's medical records and the mother should keep him fully informed of same. The court also awarded the father reasonable parenting time, to be arranged by the parties. Based on the foregoing, and according deference to Family Court's credibility determinations, Family Court's decision to award sole legal custody with reasonable parenting time to the father is supported by a sound and substantial basis in the record (see Matter of Brent O. v Lisa P., 161 AD3d 1242, 1243 [2018]; Matter of Smithey v McAbier, 144 AD3d at 1426). Further, given the parents' difficulty in communicating, the father's limited contact with the child and the child's special medical needs, Family Court's decision giving the father broad access to medical and academic records was also well supported in the record (see Matter of Audreanna VV. v Nancy WW., 158 AD3d 1007, 1010 [2018]). Although, the court did not specifically articulate in its decision its findings as to the traditional factors assessed in a best interests analysis (cf. Matter of Christy T. v Diana T., 156 AD3d 1159, 1161 [2017]), the record shows that the court adequately weighed the testimony of both parties in reaching its decision and highlighted the relevant testimony that contributed to its determination. In fact, on a thorough review of the record, it is difficult to conceive of a different result than the one reached by Family Court, and we therefore decline to disturb it (see Matter of Brent O. v Lisa P., 161 AD3d at 1243; Matter of Charles AA. v Annie BB., 157 AD3d 1037, 1040 [2018]).
The father's contention that he received ineffective assistance of counsel is lacking in merit. Viewing the totality of the circumstances, particularly the facts adduced at the fact-finding hearing — many of which were established by the father's own testimony and actions — we find that the father has failed to demonstrate that any of the alleged deficiencies by counsel, even if proven, resulted in him receiving anything less than meaningful representation (see Matter of Brent O. v Lisa P., 161 AD3d at 1247; Matter of Tracey L. v Corey M., 151 AD3d 1209, 1212 [2017]).
Garry, P.J., Egan Jr., Lynch and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.