Matter of Pedro A. v Gloria A. (2019 NY Slip Op 00010)





Matter of Pedro A. v Gloria A.


2019 NY Slip Op 00010


Decided on January 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 3, 2019

525514

[*1]In the Matter of PEDRO A., Appellant,
v
GLORIA A. et al., Respondents.

Calendar Date: November 15, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Cliff Gordon, Monticello, for appellant.
Lindsay H. Kaplan, Kingston, for Gloria A., respondent.
Constantina Hart, Sullivan County Department of Family Services, Monticello, for Sullivan County Department of Family Services, respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered August 14, 2017, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of protection.
As relevant here, petitioner (hereinafter the father) is the father of two children (born in 2002 and 2004) and is presently incarcerated. The father, pro se, commenced this proceeding seeking visitation with the children and to modify a prior order of protection [FN1]. In an August 2017 order, Family Court dismissed the petition without a hearing because of separate orders of protection having been issued in criminal and Family Court proceedings and because "there [was] no change in circumstances." The father appeals.
We find that the orders of protection referenced in Family Court's August 2017 order do not provide a basis for dismissing the father's petition. In a prior neglect proceeding, Family Court, among other things, issued an order of protection that prohibited the father from having contact with the children (see Matter of Stephanie RR. [Sullivan County Dept. of Social Servs.—Pedro RR.], 140 AD3d 1237 [2016]), and such order expires on January 22, 2022. This expiration date, however, was not permissible. In this regard, because of the biological relationship between the father and the children, the duration of this order of protection could not exceed one year from the disposition of the matter, subject to any further extensions (see Matter of Makayla I. [Caleb K.], 162 AD3d 1139, 1143-1144 [2018]; Matter of Collin H., 28 AD3d 806, 810 [2006]). Given that the order of disposition in the prior neglect proceeding was entered on March 2, 2015, the latest that the order of protection could have expired was March 2, 2016. We therefore modify the order of protection to reflect an expiration date of March 2, 2016. In view [*2]of this expiration date, to the extent that the father seeks to modify the terms of this order of protection, such challenge has been rendered moot (see Matter of Senator NN., 21 AD3d 1187, 1188 [2005]). More to the point, Family Court erred in relying on this order of protection in dismissing the father's petition.
The order of protection issued in connection with petitioner's criminal matter is likewise inapplicable. We note that Family Court generally does not have the authority to countermand the dictates of a criminal court order of protection (see Matter of Samantha WW. v Gerald XX., 107 AD3d 1313, 1316 [2013]). That said, the order of protection issued against the father in his criminal matter did not specifically pertain to the subject children.
In view of our determination herein and given that the record does not disclose any prior orders delineating the father's visitation rights, it was not necessary for the father to demonstrate, as a threshold matter, a change in circumstances when seeking visitation with the children (see Matter of Edick v Gagnon, 139 AD3d 1126, 1128 n [2016]). Accordingly, Family Court erred in summarily dismissing the petition, and the matter must be remitted for an initial determination as to whether visitation serves the best interests of the children.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The father did not specify any particular order of protection that he sought to modify.