Cicco v Durolek (2019 NY Slip Op 03170)





Cicco v Durolek


2019 NY Slip Op 03170


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


126 CA 18-01136

[*1]MICHAEL P. CICCO, PLAINTIFF-APPELLANT,
v
FRED S. DUROLEK AND ELAINE A. DUROLEK, DEFENDANTS-RESPONDENTS. 






GOMEZ & BECKER LLP, BUFFALO (BRETT D. TOKARCZYK OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Niagara County (Frank Caruso, J.), entered September 25, 2017. The order and judgment dismissed plaintiff's complaint and awarded defendants costs and disbursements. 
It is hereby ORDERED that the order and judgment so appealed from is affirmed without costs.
Memorandum: In this action to recover damages for injuries he allegedly sustained in an automobile accident, plaintiff appeals from an order and judgment that, inter alia, dismissed the complaint upon a jury verdict in defendants' favor. We affirm.
We reject plaintiff's contention that Supreme Court erred in admitting photographs from plaintiff's social media accounts that allegedly depicted his post-accident condition. The photographs were timely disclosed (see generally Krute v Mosca, 234 AD2d 622, 624 [3d Dept 1996]) and properly authenticated (see generally Corsi v Town of Bedford, 58 AD3d 225, 228 [2d Dept 2008], lv denied 12 NY3d 714 [2009]). The alleged discrepancies between the date of the photos and the date of the accident went to the weight of the evidence, not its admissibility (see People v Costello, 128 AD3d 848, 848 [2d Dept 2015], lv denied 26 NY3d 927, 1007 [2015], reconsideration denied 26 NY3d 1007 [2015]). In any event, any error in admitting the photographs was harmless (see CPLR 2002; Matter of Edick v Gagnon, 139 AD3d 1126, 1128 [3d Dept 2016]).
Furthermore, under the circumstances of this case, the court properly precluded plaintiff from introducing various medical records and testimony pertaining to the opinions of certain nontestifying doctors (see Meneses v Riggs, 138 AD3d 700, 701 [2d Dept 2016]; see generally Tornatore v Cohen, 162 AD3d 1503, 1505 [4th Dept 2018]). Contrary to plaintiff's contention, the medical records at issue were not automatically admissible pursuant to CPLR 3122-a (c) simply because defendants did not challenge their admissibility within 10 days of trial (see Siemucha v Garrison, 111 AD3d 1398, 1400 [4th Dept 2013]). In any event, any error in precluding the foregoing evidence was harmless (see CPLR 2002; Geary v Church of St. Thomas Aquinas, 98 AD3d 646, 647 [2d Dept 2012], lv denied 20 NY3d 860 [2013]).
Finally, the court properly denied plaintiff's request for a missing witness instruction because he failed to meet his initial burden of establishing the availability of the uncalled witness, who was elderly, infirm, and living in Florida (see Matter of Chi-Chuan Wang, 162 AD3d 447, 449 [1st Dept 2018], lv denied 32 NY3d 904 [2018]; see generally DeVito v Feliciano, 22 NY3d 159, 165-166 [2013]; People v Brown, 183 AD2d 569, 570 [1st Dept 1992], lv denied 80 NY2d 901 [1992]). In any event, any error in denying the missing witness instruction was harmless (see CPLR 2002; Mahoney v NAMCO Cybertainment, 282 AD2d 949, [*2]950 [3d Dept 2001]).
All concur except Carni, J., who concurs in the result in the following memorandum: I join the majority's disposition and its reasoning except with respect to its analysis of plaintiff's contention that Supreme Court erred in admitting in evidence photographs from plaintiff's social media accounts for the purpose of establishing plaintiff's post-accident condition. Defendants established that the photographs were posted on social media after the date of the accident. Defendants failed to establish, however, that the photographs were actually taken after plaintiff's accident and thus failed to establish that they depicted plaintiff's post-accident condition. Defendants therefore failed to authenticate the photographs as accurately representing plaintiff's post-accident condition, and the court erred in admitting them (see Davidow v CSC Holdings, Inc., 156 AD3d 682, 682 [2d Dept 2017]; Rivera v New York City Tr. Auth., 22 AD3d 554, 555 [2d Dept 2005]; Truesdell v Rite Aid of N.Y., 228 AD2d 922, 923 [3d Dept 1996]). I agree with the majority, however, that the error in admitting the photographs was harmless (see CPLR 2002; Matter of Edick v Gagnon, 139 AD3d 1126, 1128 [3d Dept 2016]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court